FRANCES SLUKA, WIFE, AND AS GUARDIAN AND CONSERVATOR FOR
JAMES SLUKA, HER HUSBAND, APPELLANT, V. GARY HERMAN AND
KATHLEEN HERMAN, HUSBAND AND WIFE, APPELLEES.

425 N.W.2d 891

Filed July 15, 1988.   No. 86-920.

Michael J. O'Bradovich for appellant.

Mark A. Klinker for appellees.

HASTINGS, C.J., WHITE, SHANAHAN, and FAHRNBRUCH, JJ.,
and WARREN, D.J.

HASTINGS, C.J.

As stated in appellant's brief at 1, "This is an action for damage to real property filed by the Appellants/Plaintiffs on June 26, 1985, in the District Court of Douglas County, Nebraska." From an order of the district court sustaining defendants' motion for summary judgment and dismissing plaintiff's petition, the plaintiff has appealed. Assigned as error is the granting of the motion for summary judgment.

Plaintiff, Frances Sluka, brought this action in her own name and as guardian and conservator for James Sluka, her husband. Her petition alleged that the defendants, who were owners of land adjoining the property of Slukas, committed willful trespass on the Slukas' real estate on September 1, 1978. This, it was alleged, was accomplished by cutting into that property and building a fence on the same property in the early

spring of 1981. The fence was removed and placed on the correct boundary line in "mid-summer of 1981." The case was tried in the district court and briefed and argued in this court simply as a case seeking damages for trespass.

Defendants, in their answer, alleged as a defense the running of the statute of limitations, Neb. Rev. Stat. § 25-207 (Reissue 1985), which restricts the bringing of an action for trespass upon real property to 4 years after the offending incident. The uncontroverted evidence in support of that motion was that plaintiff's survey, done in April of 1981, located the proper boundary line and confirmed the fact of defendants' trespass and that defendants, realizing that they were trespassers, removed the fence on May 21, 1981. The present petition's not having been filed until June 26, 1985, the statute of limitations would have run.

In an effort to avoid the effect of the statute of limitations, plaintiff contends that on August 13, 1982, an almost identical petition was filed which would have been well within the limitations of the statute. However, that petition, or rather a substituted amended petition, was dismissed on August 23, 1984, for want of prosecution.

Although the legal effect of these facts is argued, there is no dispute as to the facts themselves. "[I]f the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," summary judgment shall be granted. Neb. Rev. Stat. § 25-1332 (Reissue 1985).

Plaintiff urges this court to adopt a rule that a statute of limitations is tolled during the pendency of the first cause of action. She argues this as being required by fair and equal administration of justice and to protect her substantive rights. However, at the time of dismissal, she still had 8, or possibly 9, months in which to file her present petition.

We know of no rule in Nebraska which declares that the running of a statute of limitations is tolled during the pendency of an action so as to permit a second filing more than, in this case, 4 years after the trespass. The filing of suit within the statutory period certainly satisfies the requirements of the

statute of limitations and permits a final judgment in that proceeding, whether before or after the expiration of 4 years. However, it is another thing to say that such filing tolls the statute. To interpret the law in that fashion would create a situation in which a plaintiff could file, have dismissed, refile, and have dismissed, an action, ad infinitum.

Plaintiff's argument that to fail to apply such a rule in this instance would result in unfair and unequal treatment and a deprivation of her substantive rights was addressed generally in *Schaeffer v. Hunter*, 200 Neb. 221, 263 N.W.2d 102 (1978). In that case, the plaintiff, having failed to diligently prosecute his cause of action, suffered an order of dismissal. He appealed that order, pointing out that the statute of limitations had now run and that, in effect, his substantive rights to prosecute his action were impaired. We said that "[t]he fact that a new suit would be barred is an important consideration, but in and of itself does not demonstrate that there has been an abuse of discretion. . . . We cannot conclude in the present case that the trial court abused its discretion." *Id.* at 224-25, 263 N.W.2d at 104.

Although authorities differ on this narrow issue of tolling, we feel that the better reasoned rule is that the filing of a petition does not toll the running of a statute of limitations for the purpose of bringing subsequent actions on the same set of facts, and we do so hold. See, *King v. Lujan*, 98 N.M. 179, 646 P.2d 1243 (1982); *Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191 (8th Cir. 1976); *Rakestraw v. Berenson*, 153 Ga. App. 513, 266 S.E.2d 249 (1980); *Armstrong v. Ablon*, 686 S.W.2d 194 (Tex. App. 1984); *Willard v. Wood*, 164 U.S. 502, 17 S. Ct. 176, 41 L. Ed. 531 (1896); *Dupree v. Jefferson*, 666 F.2d 606 (D.C. Cir. 1981); *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26 (6th Cir. 1987).

The judgment of the district court is affirmed.

AFFIRMED.