McRAE, Justice,
for the Court:
This appeal arises from a November 13, 1990, order of the Hancock County Circuit Court denying for the second time a motion to reconsider its November 20, 1989, order granting Dr. James Crittenden’s motion for summary judgment in a medical malpractice case. Affidavits filed by the parties raised triable questions of fact which, but for the imposition of a local rule governing summary judgment, would have resulted in a jury trial. Finding that the award of summary judgment was based in part upon local rules promulgated by the Second Circuit Court District of the State of Mississippi which had not been approved by this Court pursuant to Uniform Circuit Court Rule 1.13 or even filed with this Court as required by M.R.C.P. 83, we reverse and remand.
I.
Mary Koerner punctured her finger on a nail while processing animal hides on or about January 8, 1986. She was treated by Dr. Crittenden. An infection developed; the finger failed to heal properly and ultimately, was amputated. On January 5, 1988, Koer-ner filed a medical malpractice action against Dr. Crittenden, Peggy Smith and the Hancock Medical Center.
On November 1,1989, Dr. Crittenden filed a motion for summary judgment. A copy of the motion was mailed that day to Koerner’s attorney, Malcolm F. Jones. On November 10, 1989, the Hancock County Court Administrator wrote to Jones, informing him that counsel opposite had filed the motion for summary judgment and further, that the letter served as notice that he had ten (10) days to respond to Dr. Crittenden’s motion. In relevant part, the letter stated:
Tom Stennis has filed a Motion for Summary Judgment on behalf of Dr. Critten- *834 den, together with a brief in support of the Motion for Summary Judgment and Findings of Fact and Conclusions of Law. You now have ten days within which to file your Response, Memorandum Brief, and proposed Order, with this office, [emphasis added]
A letter dated October 20,1989, and signed by the district’s three circuit court judges had been sent to attorneys in the Second Circuit Court District regarding the implementation of administrative procedures for the efficient handling of the caseload in the district. It further set forth a local rule for summary judgment as follows:
SUMMARY JUDGMENTS PROCEDURE
The original Motion for Summary Judgment shall be filed with the Circuit Clerk. A copy of it together "with:
1. a letter brief (2-3 pages);
2. copies of all cases cited; and
3. an original Finding of Facts, Conclusion of Law and Order (not proposed) by movant or;
4. an Order denying the Motion for Summary Judgment by the respondent; shall be filed with the Court Administrator’s Office. Counsel opposing Summary Judgment shall file a response within 10 days after receipt of the Motion for Summary Judgment, [emphasis added]
The letter further advised members of the local bar that:
The Court Administrator shall set the Motion for hearing unless otherwise directed by the assigned judge. Pursuant to Rules 2.06 of the UCCR, it shall be the duty of the movant:
... to pursue said motion to a hearing and decision by the Court during the term at which the motion is filed, or at the next term of court, ... Failure to comply with the above procedure shall be considered an abandonment of said motion....
Please contact the Court Administrator’s office if you have any motion presently under advisement with a particular judge, and make sure the judge is aware of the matter and has all the materials necessary for ruling.
Finding that Koerner had failed to answer interrogatories and requests for production of documents and not responded to the November 1, 1989, motion for summary judgment, the circuit court, without a hearing, found that Dr. Crittenden was entitled to a judgment as a matter of law in accordance with the local rule as well as M.R.C.P. 56. In his November 20,1989, order granting the motion, the circuit court further found that Koerner had failed to produce any qualified expert witnesses to controvert medical issues relevant to the lawsuit.
Koerner filed a motion to reconsider and/or dismiss summary judgment on November 30, 1989, asserting that her failure to respond was due to excusable neglect. Her attorney’s affidavit, submitted with the motion to reconsider, indicated that his temporary secretary had failed to inform him that the motion had been delivered and also to enter the deadline for filing a response on his calendars. He stated that he only learned that summary judgment had been entered when he called the circuit court to inquire about the case file on November 27, 1989. The circuit court denied Koerner’s motion to reconsider on December 5, 1989.
Another motion to reconsider was filed on December 15, 1989. On January 26, 1990, the affidavit of Koerner’s medical expert, Dr. James R. Gosey, was filed with the court. Three days later, a hearing on the motion was held. Some ten months later, on November 13, 1990, an order denying the motion was subsequently entered.
II.
Of the several procedural questions raised in this appeal, we find the issue of the local rules governing summary judgment to be dispositive. By a letter dated October 20, 1989, the Second District Circuit Court notified attorneys within the district that responses to motions for summary judgment must be filed with the circuit court within ten days of receipt of the motion. Rule 56 makes no such provision. Rather, it provides that motions shall be served at least ten days *835 prior to the hearing and further, that affidavits by the adverse party may be served prior to the day of the hearing. No hearing was held in the ease sub judice until after the filing of the second motion to reconsider and Koerner’s medical expert’s affidavit was filed three days before the scheduled hearing date.
Rules 1.12 and 1.13 of the Uniform Circuit Court Rules define the rule-making capacity of the local courts. Rule 1.12 places administrative matters such as docket setting, vacation matters and the time of starting court within the discretion of the local courts. The promulgation of any additional local rules, however, is limited by Rule 1.13. Rule 1.13 provides as follows:
There shall be no additional local rules of circuit court unless adopted by a majority of the Circuit Judges Section of the Mississippi Conference of Judges and approved by the Supreme Court of Mississippi.
U.C.C.R. 1.13 (1989 ed.)' (emphasis added).
M.R.C.P. 83 further defines and limits the rule-making power of local courts. At the time of the case sub judice, it provided that:
Any court by action of a majority of the judges thereof may hereafter make local rules and amendments thereto concerning practice in their respective courts not inconsistent with these rules. All local rules shall be filed with the Supreme Court of Mississippi; thereupon, the Supreme Court shall publish and disseminate same to all members of the Mississippi State Bar.
M.R.C.P. 83 (1988 ed.) (emphasis added). See also Johnson v. Weston Lumber & Building Supply Co., 566 So.2d 466, 468-469 (Miss.1990). Rule 83 was amended on March 1, 1989, effective January 1, 1990.[1] As amended, the rule provides no shelter for the Second Circuit Court District since it required Supreme Court approval of all local rules.
As we explained in Watts v. Pennington, 598 So.2d 1308 (Miss.1992), where we found that the circuit court had exceeded its authority by unilaterally implementing and enforcing a settlement deadline affording less time than that provided pursuant to U.C.C.R. 2.13:
Unquestionably, a circuit court possesses inherent rule making power to enable it to effectively implement the Mississippi Rules of Civil Procedure. Rule 83 and its comment clearly provide for this. This is the common law as well. For example, a circuit court judge has authority to set a reasonable pre-trial cut-off date for the filing of demurrers, motions, etc., “consistent with the Uniform Criminal Rules of Circuit Court Practice, and to enforce the same.” Hines v. State, 472 So.2d 386, 389 (Miss.1985). A trial court has an inherent right to control its docket and is afforded “reasonable latitude” regarding the setting and continuance of cases, (citations omitted).
598 So.2d at 1312.
In the case sub judice, the Second District has acted contrary to both U.C.C.R. 1.13 and M.R.C.P. 83 by promulgating a rule inconsistent with the provisions for summary judgment set forth in M.R.C.P. 56. As implemented, the local rule provided Koemer with no opportunity for a hearing and abridged the time period available for obtaining affidavits. But for the local rule, the affidavit she submitted three days prior to the January 1990 hearing provided the necessary basis for a jury trial on the merits of the ease.
Further, there is no evidence that the Second District’s summary judgment rule was adopted by a majority of the Circuit Judges *836 Section of the Mississippi Conference of Judges or approved by this Court as required by U.C.C.R. 1.13. Likewise, there is no evidence that the local rule was even filed with this Court and disseminated to all members of the Mississippi bar pursuant to M.R.C.P. 83. We know only that attorneys within the Second Circuit Court District were notified of the procedure by letter dated October 20, 1989.
Dr. Crittenden argued that Rule 56(e) provides that when a party does not respond by affidavits or otherwise, “summary judgment, if appropriate, shall be entered against him.” However, summary judgment is not appropriate when based upon an invalid local rule. Accordingly, we reverse and remand the orders of the Hancock County Circuit Court granting Dr. Crittenden’s motion for summary judgment and denying Mary Koerner’s motions to reconsider.
REVERSED AND REMANDED.
DAN M. LEE, P.J., and SULLIVAN, PITTMAN, BANKS and JAMES L. ROBERTS, Jr., JJ., concur.
SMITH, J., concurs in part.
HAWKINS, C.J., dissents with separate written opinion joined by PRATHER, P.J.

. The 1989 amendments to Rule 83 provide a procedure for approval of local court rules as follows:
(b) Procedure for Approval. All such local rules and uniform rules hereinafter adopted before being effective must be submitted to the Supreme Court of Mississippi for approval. Upon receipt ... of the same, the Supreme Court shall submit them to the Supreme Court Advisory Committee on Rules for advice as to whether any such rules are consistent or in conflict with these rules or any other rules adopted by the Supreme Court.
(c) Effective Date. From and after January 1, 1990, no uniform rules or local rules of any circuit, chancery or county court shall be effective unless hereinafter approved by the Supreme Court.
M.R.C.P. 83 (1989 ed.).