ISHEE, J.,
for the Court.
¶ 1. This appeal arises from an order entered by the Warren County Circuit Court denying Richard Marshall’s motion to reinstate his case against Burger King, Sydran, and the Worley Companies (collectively, Burger King). The trial court had previously dismissed Marshall’s case without prejudice based on his failure to respond to certain discovery requests propounded by Burger King. Aggrieved, Marshall appeals assigning two issues for review:
I. Whether the trial court abused its discretion by ordering Marshall’s case to be dismissed without prejudice for failing to respond to discovery.
II. Whether the trial court erred by denying Marshall’s motion to reinstate.
Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Marshall filed his cause of action on April 1, 2005, for damages allegedly caused by a slip and fall at a Burger King in Vicksburg, Mississippi three years earlier. Marshall’s complaint was filed two days before the statute of limitations was set to expire. Upon answering the complaint, Burger King propounded interrogatories and requests for production of documents to Marshall on June 10, 2005. A scheduling order was also entered by the Warren County Circuit Court, which set the discovery deadline for March 15, 2006.
¶ 3. Subsequently, Marshall failed to respond to Burger King’s discovery re *705 quests. In response, Burger King sent two separate letters to Marshall asking him to comply with its request. Four months later, having still received no response from Marshall, Burger King filed a motion to dismiss for failure to prosecute. A hearing was set, but it was subsequently continued until February 3, 2006, at the request of Marshall’s counsel. During that time, Marshall filed a list of experts with the trial court and submitted a copy to Burger King. The document simply listed the names and addresses of the medical experts Marshall intended to call. However, the document failed to include certain information required by Rule 26(b)(4) of the Mississippi Rules of Civil Procedure concerning experts. The document was also not accompanied by any responses to Burger King’s interrogatories or requests for production of documents.
¶ 4. At the hearing, Marshall’s attorney admitted that she had “been a little slow with the discovery,” but she claimed to have several of the discovery responses requested by Burger King. She appeared with those discovery responses in hand. However, those responses were found to be incomplete based on the fact that they were not executed under oath by Marshall pursuant to Mississippi Rule of Civil Procedure 33. Rather than dismiss the case, the trial judge decided to treat the motion as a motion to compel and ordered that Marshall respond to the propounded discovery requests within fourteen days. Specifically, he ordered Marshall to formally answer Burger King’s interrogatories and requests for production of documents. Marshall furnished an unrestricted medical release to Burger King within the court-ordered time period, but failed to respond to Burger King’s other discovery requests.
¶ 5. Trial was set for November 13, 2006. Two weeks prior to trial, Burger King filed a second motion to dismiss, citing Marshall’s failure to properly execute his discovery responses within the court-ordered time frame. Burger King’s motion was heard on November 8, 2006, and Marshall’s attorney once again claimed that her failure to properly respond was “oversight.” The trial judge, noting that the purpose of the first order was to give Marshall the opportunity to properly respond to Burger King’s discovery requests, granted the motion to dismiss based on Marshall’s failure to comply with that order. Subsequently, Marshall moved to have his case reinstated, which was denied by the trial court.
STANDARD OF REVIEW
¶ 6. “The standard of review for discovery violations is abuse of discretion.” Porter v. State, 869 So.2d 414, 419(¶ 18) (Miss.Ct.App.2004).
DISCUSSION
I. Whether the trial court abused its discretion by ordering Marshall’s case to be dismissed without prejudice for failing to respond to discovery.
¶ 7. Burger King’s motion to dismiss was based upon Marshall’s failure to comply with two separate orders issued by the trial court: the scheduling order and the order compelling discovery. The trial court granted the motion on the basis that Marshall failed to comply with its February 9, 2006, order that compelled him to answer Burger King’s interrogatories and requests for production of documents. Marshall argues that he did submit responses to Burger King’s interrogatories, and his only failure to comply with the court order was not swearing to those responses. Marshall contends that this was the result of his attorney’s “oversight” rather than an intentional attempt to with *706 hold information from Burger King; therefore, dismissal of his case was not warranted. Burger King contends that Marshall was given ample opportunities to properly respond to its discovery requests, including nine additional months between the trial court’s motion to compel and Burger King’s second motion to dismiss, to which Marshall failed to comply.
¶ 8. Rule 37 of the Mississippi Rules of Civil Procedure is designed to vest with the trial court great latitude in deciding when and what sanctions will be imposed for a discovery violation. Grant v. Kmart Corp., 870 So.2d 1210, 1213(¶ 9) (Miss.Ct.App.2001). Rule 37 grants the trial court a multitude of options in meting out sanctions for discovery violations, including striking pleadings, staying the proceedings, or dismissing the action. M.R.C.P. 37(b)(2)(c). The authority to dismiss is inherent in any court of law or equity, since it is “necessary to [the] orderly expedition of justice and the court’s control of its own docket.” Palmer v. Biloxi Reg’l Med. Ctr., Inc., 564 So.2d 1346, 1367 (Miss.1990) (quoting Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986)). “This Court will affirm a trial court’s decision unless there is a ‘definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.’ ” Pierce v. Heritage Props., Inc., 688 So.2d 1385, 1388 (Miss.1997) (quoting Cooper v. State Farm Fire & Cas. Co., 568 So.2d 687, 692 (Miss.1990)).
¶ 9. The Mississippi Supreme Court has outlined four factors as guidance in evaluating the appropriateness of a dismissal as a sanction for discovery violations under Rule 37. “These [factors] are considerations and not four absolute requirements.” Smith v. Tougaloo College, 805 So.2d 633, 640(¶24) (Miss.Ct.App.2002). The factors that the trial court shall consider are as follows:
First, dismissal is authorized only when the failure to comply with the court’s order results from wilfulness or bad faith, and not from the inability to comply. Dismissal is proper only in [a] situation where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party’s preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party’s simple negligence is grounded in confusion or sincere misunderstanding of the court’s orders.
Pierce, 688 So.2d at 1389 (quoting Batson v. Neal Spelce Assocs., Inc., 765 F.2d 511, 514 (5th Cir.1985)).
¶ 10. “If the failure to comply is because of inability to comply, rather than because of willfulness, bad faith, or any fault of the party, the action may not be dismissed, nor a default judgment given, and less severe sanctions are the most that can be invoked.” Smith, 805 So.2d at 640-41(¶ 25) (citation omitted). “The required intent may be shown by a party’s failure to obey a court order, but that can be countered by proof of an inability and not a refusal to comply.” Id. at 641.' “A finding of willfulness may be based upon either a willful, intentional, and bad faith attempt to conceal evidence or a gross indifference to discovery obligations.” Id. (quoting Pierce, 688 So.2d at 1390).
¶ 11. Marshall’s argument is de-pendant on the assertion that he did provide documents which purported to be responses to Burger King’s interrogatories. However, the record does not contain this document or any other notice that these responses were served upon Burger King. *707 “This Court is limited to consideration of the facts in the record, while reliance on facts only disclosed in the briefs is prohibited.” Greater Canton Ford Mercury, Inc. v. Ables, 948 So.2d 417, 423(¶ 19) (Miss.2007) (citing Atlantic Horse Ins. Co. v. Nero, 108 Miss. 321, 329, 66 So. 780, 782 (1914)). The record is clear that any responses submitted by Marshall were found to be incomplete by the trial court on two separate occasions. The record is also clear that the trial court considered lesser sanctions when faced with Burger King’s first motion to dismiss rather than summarily dismissing the case. Instead of granting the motion to dismiss, the trial judge treated it as a motion to compel and provided Marshall with an additional fourteen days to respond. There is no evidence that Marshall ever responded, even though nine months passed before Burger King filed its second motion to dismiss. The trial judge noted Marshall’s failure to obey the court order at the second motion hearing stating:
I’m going to dismiss the action for failure to file the sworn interrogatories. I gave an order back in February for them to be done within 14 days. It was not done. That was the purpose of the order back then, the purpose of the hearing at that time. The Court gave [Marshall] a break at that time not dismissing it ..., told them to answer, and that was never done. So I’ll dismiss it.
Therefore, Marshall’s failure to comply with the court order could be construed as willful absent evidence that he was unable to comply.
¶ 12. The record lacks evidence that Marshall’s noneompliance was based on an inability to comply. Marshall’s attorney attempted to argue at the second motion hearing that she was unable to get Marshall to sign the interrogatories because he was “hard to catch up with.” However, both the trial court and Burger King were very lenient and patient in allowing Marshall sufficient time to properly respond to the discovery. It was Marshall’s duty to offer complete and sufficient responses to Burger King’s interrogatories in accordance with the Mississippi Rules of Civil Procedure. “Complete responses to properly made discovery requests are required”; “[i]t is not enough to say that the requesting party has other avenues to follow in order to get the necessary [information].” Smith, 805 So.2d at 639(¶19). Further, Marshall was fully aware of the trial court’s order requiring him to properly respond to the interrogatories, and still he chose not to fully comply. Consequently, the trial court had authority to dismiss the case. “[Rule 37] allows the trial court to dismiss an action for failing to respond in accordance with previous court orders.” Id. at 640(1122).
¶ 13. Given the leniency of the trial court on prior occasions, and Marshall’s continued failure to adhere to the trial court’s orders, the trial judge was well within his discretion to dismiss Marshall’s case without prejudice. This issue is without merit.
II. Whether the trial court erred by denying Marshall’s motion to reinstate.
¶ 14. Marshall argues that the trial court erred by denying his motion to reinstate because he has been left with no other option to present his case. Essentially, Marshall argues that the trial court’s dismissal without prejudice has been converted to a dismissal with prejudice due to the fact that the statute of limitations has run, and he is barred from refiling his case.
If 15. “Unless otherwise specifically ordered by the court, an involuntary dismissal under Rule 41(b) ordinarily *708 operates as an adjudication upon the merits and is with prejudice.” Taylor v. GMC, 717 So.2d 747, 748(¶ 5) (Miss.1998). “However, past Mississippi practice has tempered this harsh result by allowing dismissed cases to be reinstituted, except in extreme situations.” Id. “When reviewing a trial court’s decision to dismiss under the involuntary dismissal rule 41(b), this Court may reverse only if it finds that the trial court is manifestly wrong.” Id. (citing Walters v. Patterson, 531 So.2d 581, 583 (Miss.1988)).
¶ 16. This Court has analogized dismissals with default judgments and held the general rule to be the same. Cooley v. Burge, 797 So.2d 294, 299(¶ 13) (Miss.Ct.App.2001) (quoting Walker v. Parnell, 566 So.2d 1213, 1216 (Miss.1990)). The general rule is that “the dismissed case cannot be reinstated after the expiration of the term of court within which the dismissal was entered unless the dismissal was defective, or fraud, mistake or accident was involved.” Id. at 298-99(¶ 13).
¶ 17. It is clear from the record that Marshall waited too long to file his motion to reinstate the case. Marshall’s alleged injury arose on April 2, 2002. He did not file his original complaint until April 1, 2005, two days before the statute of limitations was set to expire. The filing of Marshall’s complaint tolled the statute of limitations until the trial court dismissed the case on November 15, 2006. Therefore, Marshall had until November 17, 2006, to reinstate or, alternatively, re-file his case. However, Marshall waited almost an entire month before filing his motion to reinstate his case. Marshall has provided no evidence that the trial court’s dismissal was defective or the result of fraud, accident, or mistake. Consequently, the statute of limitations expired.
¶ 18. Given that we have held that dismissal was a proper sanction for Marshall’s discovery violations and that the statute of limitations had expired, the trial court was not manifestly wrong in denying Marshall’s motion for reinstatement.
CONCLUSION
¶ 19. For the foregoing reasons, the judgment of the trial court is affirmed.
¶ 20. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.