CARLSON, Presiding Justice,
for the Court:
¶ 1. The issue before us today is whether the statute of limitations is tolled while a case is pending, where that case is dis *833 missed without prejudice for want of prosecution. We also are called upon to determine the validity of a local court rule which has never been published or approved by this Court. The trial court dismissed the refiling of this case due to failure to comply with the local rule, and when it was refiled found the statute of limitations to have been tolled. We find the local rule to be error, but also find that the statute of limitations was not tolled, since the case was dismissed without prejudice for want of prosecution. We thus affirm the judgment of the trial court on alternate grounds.
FACTS AND PROCEEDINGS IN THE TRIAL COURT
¶ 2. In the Circuit Court of Jackson County, Brian Knight and David Knight each filed separate complaints against Benny Knight, their uncle, alleging assault and battery occurring on August 31, 1999. The trial court dismissed these consolidated cases without prejudice for want of prosecution nearly ten years later. Neither plaintiff appealed this order of dismissal. On March 19, 2010, Brian Knight and David Knight refiled separate actions, but the trial court granted Benny’s motions to dismiss both cases, finding that the one-year statute of limitations had run for both actions.
¶ 3. The consolidated appeals before this Court concern the trial court’s order that dismissed the 2010 litigation; however, the issue presented on appeal requires a discussion of the proceedings relating to the 1999 litigation, which the trial court dismissed without prejudice for failure to prosecute on March 11, 2009.
¶ 4. On August 31, 1999, an altercation occurred among Brian, David, and Benny. On September 10, 1999, David filed his complaint against Benny, and on September 13, 1999, Brian filed his complaint against Benny. Thereafter, the circuit clerk filed several motions for want of prosecution in both cases. On November 3, 2006, Brian’s and David’s cases were consolidated. On January 12, 2009, the circuit clerk moved to dismiss the consolidated cases for want of prosecution, reciting that the last action taken was on October 3, 2007. On March 11, 2009, the trial court entered an order dismissing both cases without prejudice for want of prosecution.
¶ 5. Brian and David did not appeal the dismissal of these cases without prejudice for want of prosecution. However, on July 30, 2009, the plaintiffs’ counsel filed a motion to reinstate and for trial setting. The trial court heard arguments on these motions, and on October 12, 2009, entered an order denying the plaintiffs’ motion to reinstate and for trial setting. The plaintiffs both submitted affidavits that they were not even aware of the March 11, 2009, dismissal until their attorney informed them in October, 2009. Nor were they aware of the motion to reinstate and for trial setting filed by their counsel.
¶ 6. At this point, the plaintiffs retained new counsel, David Baria and Marcie Fyke Baria. Mr. Baria later conceded that “pri- or counsel may not have done everything in his power to get the case tried.” On October 19, 2009, according to the affidavits of both plaintiffs, David and Brian learned from their new counsel, the Barias, that the motion to reinstate and for trial setting had been denied on October 12, 2009, as their prior counsel had neglected to advise them of that fact. The plaintiffs then filed a motion to reconsider the order dismissing the case on October 19, 2009, which the trial court denied on December 16, 2009.
¶ 7. On or about February 24, 2010, counsel for both Brian and David forwarded by U.S. Mail a complaint on behalf of *834 both Brian and David to the circuit clerk. On March 11, 2010, this complaint was returned to counsel for Brian and David, and at this time, the clerk’s office notified counsel for the plaintiffs that, per local rule, “[b]y [1993] Order of the Court separate complaints must be filed for each plaintiff in all civil actions with exception of husband and wife.”
¶ 8. On March 19, 2010, separately, Brian refiled his complaint, and David refiled his complaint. On April 22, 2010, Benny filed motions to dismiss, asserting the statute of limitations as an affirmative defense to both Brian’s and David’s complaints.
¶ 9. The trial court heard arguments on Benny’s motions to dismiss these cases on June 10, 2010, and June 15, 2010. Brian and David argued that the filing of the complaints in 1999 tolled the running of the statute of limitations and, therefore, they were entitled to file suit within the time remaining under the statute of limitations. However, Brian and David contended that the 1993 order of the Circuit Court of Jackson County, requiring that the plaintiffs file separate complaints, was unenforceable because this Court had not recognized its legitimacy pursuant to Mississippi Rule of Civil Procedure 83(b).
¶ 10. In response, counsel for Benny argued that the statute of limitations should not toll for ten years and permit a plaintiff to refile a lawsuit after its dismissal for failure to prosecute, even if dismissed without prejudice. In other words, Benny contended that the trial court should carve out an exception to the extent that the statute of limitations tolls and allows a plaintiff to refile his or her case after it has been dismissed for failure to prosecute. Benny also noted that he had been prejudiced by the plaintiffs’ failure to diligently pursue their case, and by the deaths of several witnesses.
¶ 11. Having considered these arguments, the trial court avoided the tolling issue and reasoned that the 1993 order was legitimate and thus barred the plaintiffs’ suits.
¶ 12. The trial court subsequently entered an order dismissing Brian’s case with prejudice on June 15, 2010, and an order dismissing David’s case with prejudice on June 16, 2010. Aggrieved, on July 2, 2010, David and Brian filed separate notice of appeals to this Court, and these cases have been consolidated upon appeal.
DISCUSSION
¶ 13. On appeal, Brian and David argue that the trial court erred by relying on the 1993 order when dismissing their complaints as time-barred by the statute of limitations. In making this argument, Brian and David also contend that the statute of limitations had been tolled for ten years since the filing of their original complaints for the 1999 litigation, which the trial court dismissed without prejudice for failure to prosecute.
¶ 14. For clarity’s sake, we restate the two issues before this Court: (1) whether the trial court erred by relying on a local rule not approved by this Court and (2) whether the filing of the complaint for the 1999 litigation tolled the statute of limitations, permitting David and Brian to refile their complaints after having been dismissed without prejudice for want of prosecution.
¶ 15. Assuming that the limitations period was tolled during the pendency of the 1999 litigation, as the plaintiffs contend, February 26, 2010, represents the expiration of the one-year statute of limitations on the Brian Knight claim. The statute of limitations on the David Knight claim would have expired on March 1, 2010.
*835 ¶ 16. “[Application of a statute of limitation is a question of law to which a de novo standard also applies.” Sarris v. Smith, 782 So.2d 721, 723 (Miss.2001). “We approach this question with a clean slate, for our standard of review is de novo in passing on questions of law.” Watts v. Pennington, 598 So.2d 1308, 1311 (Miss. 1992) (citing Harrison County v. City of Gulfport, 557 So.2d 780, 784 (Miss.1990)).
I. WHETHER THE TRIAL COURT ERRED BY RELYING ON A 1993 LOCAL COURT ORDER NOT APPROVED BY THIS COURT.
¶ 17. Brian and David contend that the 1993 order—requiring plaintiffs to file separate complaints—is unenforceable under Mississippi Rule of Civil Procedure 83(b): “All such local rules and uniform rules adopted before being effective must be filed in the Supreme Court of Mississippi for approval.” Miss. R. Civ. P. 83(b). “No uniform rules or local rules of any circuit ... court ... shall be effective unless approved by the Supreme Court.” Miss. R. Civ. P. 83 cmt. See also Koerner v. Crittenden, 635 So.2d 833, 834-36 (Miss. 1994).
¶ 18. Brian and David argue further that the 1993 order contravenes Mississippi Rule of Civil Procedure 20, allowing the filing of a single complaint on behalf of parties whose claims arise out of the same transaction or occurrence and have common questions of law or fact.
¶ 19. In response, Benny concedes that the clerk improperly refused to accept Brian’s and David’s initial filing of a single complaint if the 1993 order had not been submitted to this Court.
¶ 20. The trial court erred by dismissing Brian’s and David’s single complaint listing both of them as plaintiffs. It would be unjust to hold that a local order which was never published was binding on the plaintiffs. Mississippi Rule of Civil Procedure 83 clearly requires that local court rules “must” be submitted to this Court for approval. The trial court reasoned that the 1993 order had “gone all the way to [the] Supreme Court. Now as I understand it, Mr. Baria, they’ve not approved it, but nor have they rejected it.” However, in Koerner, this Court reversed a trial court’s grant of a defendant’s motion for summary judgment because the motion was based in part upon a local rule that this Court had not approved. Koerner, 635 So.2d at 836. This Court also noted that “there [was] no evidence that the local rule was even filed with this Court and disseminated to all members of the Mississippi bar pursuant to M.R.C.P. 83.” Id.
¶ 21. Based on Koemer and Mississippi Rule of Civil Procedure 83, it is apparent that the trial court erred by relying on an unpublished local rule not approved by this Court to dismiss Brian and David’s complaint.
II. WHETHER THE 1999 COMPLAINT TOLLED THE STATUTE OF LIMITATIONS.
¶22. While Benny concedes that the trial court erred if it indeed followed a local rule never presented for approval by this Court, he argues that filing a complaint should not toll the statute of limitations when a complaint is dismissed without prejudice for failure to prosecute.
¶ 23. The plaintiffs cite Jackpot Mississippi Riverboat, Inc. v. Smith as an example of this Court applying tolling to a case previously dismissed for want of prosecution. Jackpot, 874 So.2d 959, 961 (Miss. 2004). In Jackpot, when examining the dates relevant to a determination of whether the statute of limitations had run on plaintiffs case, this Court stated:
*836 Smith and Richardson filed their “first” complaint for malicious prosecution on July 7, 1995, a little more than two months shy of the expiration of the statute of limitations. Norman v. Bucklew, 684 So.2d 1246, 1256 (Miss.1996) (holding that the statute of limitations is tolled during a malicious prosecution suit when a timely complaint is filed).
On April 7, 2000, Smith and Richardson’s first complaint was dismissed for want of prosecution. On June 21, 2000, the one-year statute of limitation expired on this claim. Hence, when Smith and Richardson filed the “second” malicious prosecution complaint on March 30, 2001, the action was time barred.
Jackpot, 874 So.2d at 961. This Court noted that the plaintiff had two months remaining on the statute of limitations after the initial suit had been dismissed for failure to prosecute. Id. Under the facts at play in Jackpot, the two months remaining on the statute of limitations could have existed only if this Court also had found that the statute of limitations had been tolled while the litigation was pending. Id.
¶ 24. Moreover, in Marshall v. Burger King, 2 So.3d 702 (Miss.Ct.App.2008), the Court of Appeals found the statute of limitations was tolled, despite a dismissal without prejudice:
It is clear from the record that Marshall waited too long to file his motion to reinstate the case. Marshall’s alleged injury arose on April 2, 2002. He did not file his original complaint until April 1, 2005, two days before the statute of limitations was set to expire. The filing of Marshall’s complaint tolled the statute of limitations until the trial court dismissed the case on November 15, 2006. Therefore, Marshall had until November 17, 2006, to reinstate or, alternatively, re-file his case.
Marshall, 2 So.3d at 708. This Court and the Court of Appeals have thus both recognized that filing a complaint tolls the statute of limitations and permits a plaintiff to refile his or her case if this case is dismissed without prejudice and time remains on the statute of limitations. But we also have made clear that, in those cases in which the plaintiff requests a voluntary dismissal resulting in a court-ordered dismissal without prejudice, there is no tolling. See, e.g., Marshall v. Kansas City So. R.R., 7 So.3d 210, 213-14 (Miss.2009).
¶ 25. The parties cite several cases in which we have addressed tolling upon the filing of a complaint. Clark Sand Co., Inc. v. Kelly, 60 So.3d 149 (Miss.2011); Lincoln Elec. Co. v. McLemore, 54 So.3d 833, 839 (Miss.2010); Hill v. Ramsey, 3 So.3d 120, 123 (Miss.2009); Price v. Clark, 21 So.3d 509, 521 (Miss.2009); Owens v. Mai, 891 So.2d 220, 223 (Miss.2005); Watters v. Stripling, 675 So.2d 1242, 1244 (Miss. 1996), Erby v. Cox, 654 So.2d 503, 505 (Miss.1995); W.T. Raleigh Co. v. Barnes, 143 Miss. 597, 109 So. 8, 9 (1926); and Nevitt v. Bacon, 32 Miss. 212, 66 Am. Dec. 609 (1856). However, none of these cases addresses subsequent dismissal for want of prosecution.
¶ 26. Benny also cites persuasive precedent in which other courts have found no tolling of the limitations period during the pendency of the original action when the original action was dismissed without prejudice for want of prosecution. Mississippi courts have never addressed this question per se.
¶ 27. Specifically, Benny cites, among others, King v. Lujan, 98 N.M. 179, 646 P.2d 1243 (1982), and Sluka v. Herman, 229 Neb. 200, 425 N.W.2d 891 (1988). In King, the New Mexico Supreme Court held that “[ajfter a consideration of the purpose and policies underlying Rule 41, we adopt the view that even though the *837 filing of a suit ordinarily tolls the applicable limitations period, when an action is dismissed without prejudice because of a failure to prosecute, the interruption is considered as never having occurred.” King, 646 P.2d at 1244-45. The New Mexico Supreme Court reasoned:
A party who has slept on his rights should not be permitted to harass the opposing party with a pending action for an unreasonable time. Rule 41(e) specifically addresses this concern. Holding that a Rule 41(b) dismissal without prejudice tolls the statute for the time the case was pending could conceivably extend the time for bringing the suit indefinitely; the plaintiff could continuously refile but never act to bring the case to its conclusion. Furthermore, the courts should not distinguish between a plaintiff who takes no action before the limitations period expires and a plaintiff who files a complaint before the period expires but who thereafter takes no action ....
King, 646 P.2d at 1245.
¶28. In Sluka, the Supreme Court of Nebraska reached a similar result in a case where the lawsuit was dismissed for want of prosecution and the exact same case was refiled. Sluka, 425 N.W.2d at 892. The Nebraska Supreme Court stated:
We know of no rule in Nebraska which declares that the running of a statute of limitations is tolled during the pendency of an action so as to permit a second filing more than, in this case, [four] years after the trespass.... To interpret the law in that fashion would create a situation in which a plaintiff could file, have dismissed, refile, and have dismissed, an action, ad infinitum.

Id.

¶ 29. Other jurisdictions similarly have found that the statute does not toll where cases are dismissed without prejudice for want of prosecution. See Suppeland v. Nilz, 128 Ariz. 48, 628 P.2d 832, 835 (Ariz. Ct.App.1980) (holding that “when an action is dismissed without prejudice because of a failure to prosecute, the interruption [in the running of the statute] is considered as never having occurred.”); Shaw v. Corcoran, 570 S.W.2d 96, 98 (Tex.App.1978) (holding that “[although the filing of suit and service of citation interrupt the running of the statute, its dismissal for want of prosecution will have the same effect as if the suit had never been filed.”); Owens v. Weingarten’s, 442 F.Supp. 497, 498 (W.D.La.1977) (applying Louisiana law) (holding that “[f]iling of suit ordinarily interrupts the running of prescription. But, when the action is dismissed without prejudice because of plaintiffs failure to prosecute, the interruption [in the running of the statute] is considered as never having occurred.”); Barrentine v. Vulcan Materials Co., 216 So.2d 59, 60-61 (Fla.Ct.App. 1968) (holding that tolling of the statute of limitations was not tolled during the pen-dency of a claim dismissed without prejudice for want of prosecution).
¶ 30. Rule of Civil Procedure 41(d)(1) requires dismissal without prejudice after a successful clerk’s motion to dismiss for want of prosecution. Allowing the statute to toll in such a situation presents an opportunity for abuse of process, potentially allowing cases to be dismissed and refilled for a period of years or even decades. This would reward plaintiffs who sleep on their rights and would lead to unjust results. Therefore, we explicitly hold today that when an action is dismissed without prejudice for failure to prosecute, the statute of limitations does not toll, and the parties are left in the same position as if they had never filed the action. To the extent the language in Jackpot implies that the statute does toll in such cases, Jackpot is hereby overruled on this issue. Jackpot, *838 874 So.2d at 961. Here, the statute of limitations on the claims of Brian and David is treated as having run one year after their August 31, 1999, altercation. Thus, we affirm the trial court on alternate grounds.
¶ 31. This holding, however, does not mean that all cases dismissed without prejudice after the statute of limitations has expired cannot be refiled. Some will be revived by the savings statute, equitable tolling, or otherwise. Our narrow holding here is merely that dismissal without prejudice for want of prosecution does not toll the statute of limitations.
CONCLUSION
¶ 32. The trial court erred by relying on the 1993 “local rule” requiring the plaintiffs to file separate complaints. This Court has not approved this “local rule.” Nevertheless, we hold that the filing of a complaint does not toll the statute of limitations if the complaint is later dismissed without prejudice for want of prosecution. Accordingly, we affirm the trial court’s dismissal of the cases with prejudice, although for reasons different than those articulated by the trial judge. We have stated that “[a]n appellate court may affirm a trial court if the correct result is reached, even if the trial court reached the [correct] result for the wrong reasons.” Methodist Hosp. v. Richardson, 909 So.2d 1066, 1070 (Miss.2005) (citing Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993)).
¶ 33. AFFIRMED.
WALLER, C.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR. DICKINSON, P.J., NOT PARTICIPATING.