# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-00628-COA

**CHERI BROWN-HOWLE, AS CONSERVATOR OF THE ESTATE AND PERSON OF ELAINE S. BROWN, A NON COMPOS MENTIS**

**APPELLANT**

v.

**COMMUNITY BANK, CITIMORTGAGE INC. AND SOUTHERN WASTE DISPOSAL INC.**

**APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/10/2017 |
| TRIAL JUDGE: | HON. LESTER F. WILLIAMSON JR. |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WAYNE E. FERRELL JR. |
| | BRADLEY S. CLANTON |
| ATTORNEYS FOR APPELLEES: | J. RICHARD BARRY |
| | REED COCHRAN DARSEY |
| | REID STEPHENS MANLEY |
| | JAMES CORNELIUS GRIFFIN |
| | MATTHEW RICHARD WATSON |
| | CHRISTOPHER DANIEL MEYER |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 10/23/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., FAIR AND WILSON, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1. In this case, we must determine whether the circuit court properly granted summary judgment in favor of Community Bank, CitiMortgage, and Southern Waste Disposal. Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On July 28, 2008, Elaine Brown obtained a mortgage loan from North American Savings Bank, secured by her residential property located in Meridian, Mississippi. The funds from the mortgage loan were transferred to Brown's account at Community Bank. Shortly thereafter, these funds were transferred to another account at Community Bank. The account holders were Brown and her neighbor, Mike Holmes. The mortgage was eventually assigned to CitiMortgage. Brown ultimately failed to make mortgage payments, and CitiMortgage initiated foreclosure proceedings.

¶3.     On November 2, 2009, Brown filed a complaint in the Lauderdale County Circuit Court against Mike Holmes, Angela Holmes (Mike's wife), Community Bank, and Southern Waste (Mike's employer). Brown, claiming to be mentally incompetent, alleged undue influence by the Holmeses in obtaining the mortgage. Brown also alleged that the Holmeses misappropriated the loan proceeds, resulting in the foreclosure of her house. Brown also alleged that Community Bank intentionally or negligently assisted the Holmeses in their plan to misappropriate the loan proceeds. Brown further claimed that she lacked the legal capacity to obtain the mortgage loan; thus, the transaction was void and unenforceable. Brown later filed an amended complaint, adding CitiMortgage as a defendant.

¶4.     On November 13, 2013, Brown's daughter, Cheri Brown-Howle, petitioned the Lauderdale County Chancery Court to appoint her as Brown's conservator. On March 3, 2015, the chancery court dismissed Brown-Howle's petition due to her failure to meet the requirements to establish a conservatorship.

¶5.     The circuit court dismissed the 2009 complaint without prejudice on January 29, 2015.

The circuit court noted that Brown and her attorney had failed to complete the requirements to have a conservator appointed, but that Brown and her conservator could refile the complaint once a conservator was appointed and the chancery court approved the lawsuit. Brown filed a motion to reconsider, which the circuit court denied. Brown appealed this ruling, but the Mississippi Supreme Court ultimately dismissed her appeal.

¶6. On May 29, 2015, Brown-Howle again petitioned the chancery court to appoint her as Brown's conservator. The chancery court granted the petition on June 22, 2015, and approved the second lawsuit on March 7, 2016.

¶7. On March 7, 2016, Brown-Howle, as Brown's conservator, filed a second complaint alleging the same claims as in the 2009 lawsuit. In August 2016, CitiMortgage filed a motion for summary judgment alleging that the suit was barred by the three-year statute of limitations. *See* Miss. Code Ann. § 15-1-49 (Rev. 2012). Community Bank and Southern Waste filed similar motions. Brown-Howle responded that the statute of limitations was tolled and that CitiMortgage's foreclosure constituted a continuing tort.[1]

¶8. After a hearing, the circuit court determined that Brown-Howle's claim was barred by the three-year statute of limitations and granted summary judgment for CitiMortgage, Community Bank, and Southern Waste. A final judgment was issued on April 10, 2017, dismissing the suit against CitiMortgage, Community Bank, and Southern Waste.

---

[1] Because the mortgage loan was still in default, CitiMortgage scheduled the foreclosure sale of the property for September 8, 2016. CitiMortgage agreed to postpone the foreclosure sale until October 14, 2016. Brown-Howle filed a motion for a temporary restraining order but failed to secure a hearing on the matter. The foreclosure sale occurred as scheduled, and Mike Howle (Brown's son-in-law) bought the property for $103,456.

¶9. Brown-Howle appealed, raising the following issues: (1) the circuit court erred in finding that its order dismissing the 2009 lawsuit was a dismissal for failure to prosecute; (2) Mississippi Code Annotated section 15-1-59 (Rev. 2012) operated to toll the statute of limitations; (3) Mississippi Code Annotated section 15-1-69 (Rev. 2012) also tolled the statute of limitations; and (4) both CitiMortgage's and Community Bank's actions constituted a continuing tort.

**STANDARD OF REVIEW**

¶10. The grant or denial of a motion for summary judgment is reviewed de novo. *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013). We view the evidence "in the light most favorable to the party against whom the motion has been made." *Id*. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). "The movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to judgment as a matter of law." *Karpinsky*, 109 So. 3d at 88 (¶11). Further, if at trial, the movant would bear the burden of proof, he also bears the burden of production for summary judgment. *Id*. But, the nonmovant may not "rest upon the mere allegations or denials of his pleadings." M.R.C.P. 56(e). The nonmovant must respond "by affidavits or as otherwise provided in [Rule 56]," and he "must set forth specific facts showing that there is a genuine issue for trial." *Id.* "If he does not so respond, summary judgment, if

4

appropriate, shall be entered against him." *Id*.

## DISCUSSION

### I.       Dismissal of 2009 Lawsuit

¶11.    Brown-Howle first argues that the circuit court erred in finding that its order dismissing the 2009 lawsuit was tantamount to a dismissal for failure to prosecute. As a result, the circuit court determined that the three-year statute of limitations was not tolled. *See Knight v. Knight*, 85 So. 3d 832, 837 (¶30) (Miss. 2012) ("[W]hen an action is dismissed without prejudice for failure to prosecute, the statute of limitations does not toll, and the parties are left in the same position as if they had never filed the action."). The circuit court relied upon *Wilson v. Nance*, 4 So. 3d 336 (Miss. 2009), where the supreme court upheld a dismissal with prejudice for the plaintiff's failure to comply with a court order to establish a guardianship within ninety days. *Id*. at 346 (¶38). Here, the circuit court did not issue a direct order to establish the conservatorship within a certain number of days. But the circuit court held a hearing on March 25, 2015, to discuss Brown's motion to reconsider the dismissal. The circuit court learned that a petition for conservatorship had not yet been filed and denied Brown's motion to reconsider. Over four months later, on August 10, 2015, Brown filed another motion to reconsider, along with a decree from the chancery court appointing Brown-Howle as conservator. After a hearing on the second motion to reconsider, the circuit court discovered that the chancery court had not approved the lawsuit as required and denied the second motion to reconsider. As previously stated, Brown-Howle ultimately received approval from the chancery court and filed the second complaint on

March 7, 2016.

¶12.    The fact is that Brown alleged in 2009 that she was mentally incompetent; however, a petition to appoint Brown as conservator was not filed until four years later on November 13, 2013.  Even then, the chancery court dismissed the 2013 petition for failure to meet the necessary requirements to establish a conservatorship.  Nothing happened until early 2015 when the circuit court ordered Brown to establish a conservatorship and seek the chancery court's approval if she wanted to proceed with her lawsuit.  And faced with a possible dismissal, Brown-Howle did not immediately file another petition to be appointed Brown's conservator.

¶13.    Here, we cannot find the circuit court abused its discretion in its ruling.  Dismissal for failure to prosecute is proper where the "plaintiff has been guilty of dilatory or contumacious conduct[,] or has repeatedly disregarded the procedural directives of the court . . . ." *Hensarling v. Holly*, 972 So. 2d 716, 720 (¶8) (Miss. 2007).  This issue is without merit.

**II.    Section 15-1-59**

¶14.    Brown-Howle contends that even if the three-year statute of limitations had expired, the limitations period was tolled by section 15-1-59.  This statute saves claims filed outside the statute-of-limitations period if the person is of unsound mind at the time the cause of action accrued. *Id.*  Mississippi Code Annotated section 1-3-57 (Rev. 2014) states that "[t]he term 'unsound mind,' when used in any statute in reference to persons, shall include persons with an intellectual disability, persons with mental illness, and persons non compos mentis."

¶15.    Here, Brown-Howle claims that Brown was mentally incompetent at the time the

6

cause of action accrued; thus, section 15-1-59 applies. Although the appellees contend the statute of limitations began to run on July 28, 2008—the date Brown signed the mortgage documents—Brown-Howle contends that the statute of limitations began to run when Brown became aware of the fraud. Brown-Howle does not indicate the exact date Brown became aware of the fraud, only that it was between July 28, 2008, and November 2, 2009—the date the first complaint was filed.

¶16.    "The Mississippi Supreme Court addressed the law regarding mental competency and statutes of limitation in *Shippers Express v. Chapman*, 364 So. 2d 1097, 1100 (Miss. 1978)[.]" *Brumfield v. Lowe*, 744 So. 2d 383, 387 (¶20) (Miss. Ct. App. 1999). "The test as to whether the claimant is so 'mentally incompetent' as to toll the running of the statute of limitations, is this: Is his mind so unsound, or is he so weak in mind, or so imbecile, no matter from what cause, that he cannot manage the ordinary affairs of life?" *Id.* (quoting *Shippers Express*, 364 So. 2d at 1000). Additionally, Brown-Howle was required to prove that Brown was mentally incompetent by clear and convincing evidence. *Stroud v. Progressive Gulf Ins. Co.*, 239 So. 3d 516, 521 (¶16) (Miss. Ct. App. 2017).

¶17.    After reviewing the record, we agree with the circuit court that the evidence produced by Brown-Howle failed to create a genuine issue of material fact that her mother was mentally incompetent at the time the cause of action accrued. The only proof presented by Brown-Howle was the evaluation of Brown by Dr. Mark Webb. Dr. Webb examined Brown on February 24, 2011, over two years after the date Brown alleges she was mentally incompetent. In the mental evaluation, Dr. Webb notes that Brown, who was seventy-seven

7

years old at the time of the evaluation, had medical problems in the past, including several surgeries and anxiety. According to Dr. Webb, Brown stated that the medicines she had been prescribed made her "out of it," especially during the time period she befriended the Holmeses. Dr. Webb noted that at the time of the examination, Brown was taking medicine for her depression "as it relates to the loss of her memory and the guilt and embarrassment of being taken advantage of when she was vulnerable." Under "Mental Status Exam," Dr. Webb noted:

> Ms. Brown is an alert and cooperative, logical and coherent, anxious and depressed, white female who has a constricted affect. She is tearful. Her speech and psychomotor activity are within normal limits. She denies any hallucinations, delusions, or present homicidal or suicidal ideations. Insight and judgment are good as to her memory and concentration presently. She states to good sleep with a normal appetite and weight. She does not describe any manic, hypomanic, or eating disorder episodes.

¶18. Dr. Webb noted that Brown was currently experiencing symptoms of anxiety and depression but that her symptoms of dementia were "presently in remission." After examining Brown, Dr. Webb concluded that

> Ms. Brown was suffering with Dementia and Anxiety due to her medical problems and multiple powerful and potent medications that she was taking, over an approximate four-year period. During this four-year period, Ms. Brown was unable to protect her rights, interests, and/or medical concerns, and she was unable to seek help without assistance because of her mental/emotional impairment. Due to her dementia and anxiety, she was unable to seek help. That four-year period was a blur for Ms. Brown, which highlights that she was not of sound mind during that time period and therefore, she was not making appropriate decisions. She was a vulnerable adult.

¶19. Dr. Webb did not explicitly refer to any medical records from the relevant time

period;[2] nor did Brown-Howle submit any of Brown's medical records for additional support. Rather, Dr. Webb only offered conclusory statements regarding Brown's health without citation to specific facts showing Brown was of unsound mind at the time the cause of action accrued. This report was mostly based on what Brown herself told him she experienced two years prior. In contrast, Brown testified in her deposition—taken November 13, 2013—that she had never been diagnosed with dementia by a medical professional.

¶20. Because Brown-Howle failed to create a genuine issue of material fact that Brown was mentally incompetent at the time the cause of action accrued, the savings clause in section 15-1-59 does not apply. This issue is without merit.

### III. Section 15-1-69

¶21. Section 15-1-69 also operates as a savings statute:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, . . . the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit . . . .

Brown-Howle contends this savings statute applies because the 2009 complaint was dismissed as a matter of form. The Mississippi Supreme Court previously has ruled section 15-1-69 applies to cases "[w]here the plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which [the plaintiff] can remedy or avoid by a new process . . . ." *Hawkins v. Scottish Union & Nat'l Ins. Co.*, 110 Miss. 23, 31, 69 So. 710, 713

---

[2] Dr. Webb's evaluation states that he reviewed: "Pharmacy records, legal statutes, Dr. Goodwin, and the complaint." Dr. Webb never refers to Dr. Goodwin again. In her deposition, Brown stated that she only saw Dr. Goodwin for a "brief time" and that Dr. Goodwin had diagnosed her broken back.

(1915). Matters of form have been found to include failure to adhere to notice requirements and lack of subject matter jurisdiction. *See Arceo v. Tolliver*, 19 So. 3d 67, 75 (¶39) (Miss. 2009); *Marshall v. Kan. City S. Rys. Co.*, 7 So. 3d 210, 216 (¶28) (Miss. 2009).

¶22. A dismissal for failure to prosecute, however, is not a matter of form. *See Jackpot Miss. Riverboat Inc. v. Smith*, 874 So. 2d 959, 961 (¶7) (Miss. 2004) (citing *Deposit Guar. Nat'l Bank v. Roberts*, 483 So. 2d 348, 354 (Miss. 1986)), *overruled on other grounds by Knight v. Knight*, 85 So. 3d 832 (Miss. 2012). Our supreme court has held that "the filing of a complaint does not toll the statute of limitations if the complaint is later dismissed without prejudice for want of prosecution." *Knight*, 85 So. 3d at 838 (¶32). Thus, we find section 15-1-69 does not apply. This issue is without merit.

### IV. Continuing Tort

¶23. Brown-Howle also argues that both Community Bank and CitiMortgage's actions constitute a continuing tort, "and the statute of limitations extends each day that CitiMortgage continued to extort money and property from Brown that CitiMortgage knew was stolen by" the Holmeses. "A 'continuing tort' is one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action." *Stevens v. Lake*, 615 So. 2d 1177, 1183 (Miss. 1993). "A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Id.*

¶24. We find Brown-Howle's argument unpersuasive. The wrongful conduct complained of by Brown-Howle occurred when Brown obtained the mortgage loan in July 2008.

10

Although the "continued ill effects" of the purported wrongful act resulted in the foreclosure

of Brown's home, the wrongful conduct was not repeated. This issue is without merit.

¶25. **AFFIRMED.**

**GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. IRVING, P.J., NOT PARTICIPATING.**