DICKINSON, Justice,
 

 for the Court:
 

 ¶ 1. After voluntarily seeking treatment at a mental-health facility, Thelma Koestler claims she changed her mind and demanded that she be released. Because the facility refused to release her, she filed suit against numerous defendants, alleging several causes of action, including false imprisonment. The defendants filed a motion for summary judgment based in part on the running of the statute of limitations. We affirm.
 

 BACKGROUND
 

 ¶ 2. On October 2, 2006, at the urging of her children, Thelma Koestler voluntarily admitted herself to Mississippi Baptist Medical Center (“Baptist”) for treatment of what Thelma called “mild depression” caused by the imminent death of her husband of more than fifty years. She claims she changed her mind on the same day she was admitted, and demanded to be released, but her doctor refused her request, ordering instead that she be held in a locked ward.
 

 ¶ 3. On October 11, 2006, Thelma’s daughter filed an affidavit for civil commitment with the Hinds County Chancery Clerk. On October 16, 2006, a special master conducted a hearing which resulted in an order of civil commitment.
 
 [1]
 
 Thelma
 
 *282
 
 was then transferred to the Mississippi State Hospital on October 24, 2006, and was released on November 3, 2006.
 

 ¶4. On October 1, 2007, Thelma filed suit against her doctors, Baptist, and Baptist’s staff, alleging false imprisonment, assault and battery, invasion of privacy, intentional infliction of emotional distress, and loss of consortium. On January 29, 2008, pursuant to Mississippi Rule of Civil Procedure 41,
 
 [2]
 
 Thelma voluntarily dismissed her complaint and refiled on January 30, 2008.
 

 ¶ 5. Dr. Khari A. Omolara filed a motion for summary judgment, which was joined by all defendants. On March 19, 2009, the trial court granted summary judgment in favor of the defendants, finding, among other things, that Thelma’s claims were barred by the statute of limitations. From that order, Thelma appeals and raises several issues, including her argument that the trial judge erred in holding that the statute of limitations bars her suit. Because we find the statute-of-limitations issue dispositive, we decline to address the other issues.
 

 ANALYSIS
 

 ¶ 6. We apply a de novo standard of review to the trial court’s grant or denial of a motion for summary judgment.
 
 [3]
 
 A motion for summary judgment “shall” be granted by a court “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
 
 [4]
 

 ¶ 7. We also review statute-of-limitations issues under a de novo standard.
 
 [5]
 
 Thelma admits that all her claims are governed by Mississippi Code Section 15-1-35, which provides a one-year statute of limitations, and that absent some tolling provision, the statute of limitations would have expired on October 2, 2007-one year from the date of the beginning of Thelma’s alleged false imprisonment.
 
 [6]
 

 ¶ 8. Although Thelma filed her original complaint on October 1, 2007, she did not serve Dr. Omolara or the other defendants. Instead, on January 29, 2008, she voluntarily dismissed the complaint pursuant to Rule 41
 
 [7]
 
 and, on January 30, 2008, filed a second complaint based on identical facts.
 

 ¶ 9. Ordinarily, the filing of a complaint tolls the statute of limitations.
 
 [8]
 
 But we have held that
 

 a voluntary dismissal without prejudice does not deprive the defendant of any defense he may be entitled to make to the new suit, nor confer any new right
 
 *283
 
 or advantage on the complainant (plaintiff), and hence
 
 it will not have the effect of excepting from, the period prescribed by the statute of limitations, the time during which that suit was
 
 pending.
 
 [9]
 

 ¶ 10. Thelma argues her claim is timely because when she filed the original complaint, one day remained before the statute of limitations expired. She says filing the complaint tolled the statute for 120 days until January 29, 2008, and she filed suit the following day, January 30, 2008.
 

 ¶ 11. But Thelma provides no argument as to why the rule in
 
 Marshall
 
 should not apply. Her voluntary dismissal of the first complaint deprived her of the tolling normally provided by filing a complaint. So the statute of limitations ran long before the second suit was filed.
 

 ¶ 12. Thelma next argues that “retroactively” applying this rule would be fundamentally unfair. However, our decision is not based on new law,
 
 [10]
 
 and her argument has no merit.
 

 CONCLUSION
 

 ¶ 13. The filing of a complaint does not toll the statute of limitations when the plaintiff voluntarily dismisses the suit. Thelma voluntarily dismissed her first complaint, so the statute of limitations was not tolled, and it ran approximately four months before she filed her second complaint. The judgment of the trial court is affirmed.
 

 ¶ 14. AFFIRMED.
 

 WALLER, C.J., CARLSON AND GRAVES, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.
 

 [1]
 

 . Thelma successfully appealed her civil commitment in
 
 Koestler v. Koestler,
 
 976 So.2d 372 (Miss.Ct.App.2008).
 

 [2]
 

 . Miss. R. Civ. P. 41.
 

 [3]
 

 .
 
 Moss v. Batesville Casket Co.,
 
 935 So.2d 393, 398 (Miss.2006) (citations omitted).
 

 [4]
 

 . M.R.C.P. 56(c).
 

 [5]
 

 .
 
 Marshall v. Kansas City S. Ry. Co.,
 
 7 So.3d 210, 213 (Miss.2009) (citing
 
 Champluvier
 
 v.
 
 Beck,
 
 909 So.2d 1061, 1063 (Miss.2004)).
 

 [6]
 

 . Because Thelma stipulated that all her claims were subject to a one-year statute of limitations, the question of whether Section 15-1-35 of the Mississippi Code does in fact cover each of those claims is not before this Court. Therefore, today we do not address which torts are subject to the provisions of that code
 
 section
 
 and which are not.
 

 [7]
 

 . M.R.C.P. 41(a)(l)(i).
 

 [8]
 

 .
 
 Erby v. Cox,
 
 654 So.2d 503, 504-05 (Miss.1995).
 

 [9]
 

 .
 
 Marshall,
 
 7 So.3d at 213 (Miss.2009) (emphasis added) (quoting
 
 Smith v. Copiah County,
 
 232 Miss. 838, 100 So.2d 614, 616 (1958)).
 

 [10]
 

 .
 
 Smith,
 
 100 So.2d at 616;
 
 W.T. Raleigh Co. v. Barnes,
 
 143 Miss. 597, 109 So. 8, 9 (1926);
 
 Nevitt v. Bacon,
 
 32 Miss. 212, 1856 WL 4011, *10 (Miss.Err. & App.1856).