# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-IA-01686-SCT

*ENTERGY MISSISSIPPI, INC. AND JAY B.*
*COLEMAN, JR.*

*v.*

*KAREN RICHARDSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/24/2012 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| TRIAL COURT ATTORNEYS: | CHARLES E. ROSS |
| | SCOTT J. PINTARD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JAMES EARL GRAVES, III |
| | CHARLES EDWIN ROSS |
| | JAMES W. SNIDER, JR. |
| ATTORNEYS FOR APPELLEE: | EVERETT T. SANDERS |
| | SCOTT J. PINTARD |
| | CLAUDE PINTARD |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 03/20/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., LAMAR AND CHANDLER, JJ.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.     This is a direct appeal from the Hinds County Circuit Court. The trial court granted

plaintiff Karen Richardson's motion to reinstate a negligence action arising out of a 2001

automobile accident involving a truck owned by defendant Entergy Mississippi, Inc.,

("Entergy"). Richardson's action had been dismissed for failure to prosecute. We find that

the trial court erred in granting the motion to reinstate. While the statute of limitations did

not operate to preclude an evaluation of the merits for equitable relief under Mississippi Rule of Civil Procedure 60(b), no valid Rule 60(b) grounds existed for granting relief from the dismissal of the action.

## FACTS AND PROCEEDINGS BELOW

¶2.     In February 2001, Karen Richardson was in an automobile accident that occurred when a truck owned by Entergy allegedly struck her vehicle. In February 2004, Richardson filed a tort action against Entergy and the driver of the truck. The parties conducted discovery, including depositions. In 2012, the court ordered a docket call and sent notice that "cases that have not had any 'substantial activity' for twelve months or more will be dismissed for failure to prosecute." Entergy's attorney appeared at the docket call. Neither Richardson nor her lawyer appeared. The court dismissed the case for lack of prosecution, finding that there had been no substantial activity in the case since 2006. The dismissal was not the result of a motion to dismiss by Entergy.

¶3.     More than ten days later, Richardson filed a motion to reinstate the case, arguing that the case was ready for trial, that filing a new complaint would require both parties to invest additional time and expenses, and that if not granted, "[p]laintiff may very well be confronted with a statute of limitations issue." The court granted the motion to reinstate, stating,

> . . . the Court finds that both parties have failed to request a trial date and file agreed scheduling orders as required by this Court. The Court has had at least three docket calls since the action was filed and no motion to dismiss for failure to prosecute has been initiated at or prior to docket call. As such, the court finds all parties to have been dilatory in resolving this case . . . .

2

¶4. On appeal, Entergy argues that reinstatement of the case was improper because no valid Rule 60(b) grounds for relief existed, and that Rule 60(b) was neither mentioned in the motion nor discussed in the order to reinstate. Entergy also argues that the motion to reinstate was time-barred because the statute of limitations ran after the claim was dismissed without prejudice for failure to prosecute. Richardson argues that the circuit court acted within the discretion provided by Rule 60(b)(6) in reinstating the case.

## DISCUSSION

### I. Richardson's motion to reinstate was not barred by the statute of limitations.

¶5. We treat Richardson's motion to reinstate as a motion for relief from a final judgment under Rule 60(b). Motions served after ten days of the rendition of a judgment typically are construed as Rule 60(b) motions. *See* ***Carlisle v. Allen***, 40 So. 3d 1252, 1260 (Miss. 2010); ***Cannon v. Cannon***, 571 So. 2d 976, 978 (Miss. 1990); ***Bundick v. Bay City Indep. Sch. Dist.***, 192 F.3d 126 (5th Cir. 1999). Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) fraud, misrepresentation, or other misconduct of an adverse party; (2) accident or mistake; (3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (4) the judgment is void; (5) the judgment has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; **(6) any other reason justifying relief from the judgment.**
>
> **The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken. . . .** This rule does not limit the power of

3

a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.

M.R.C.P. 60(b) (emphasis added).

¶6. Entergy argues that Richardson's motion to reinstate was barred by the statute of limitations under *Knight v. Knight*, 85 So. 3d 832, 838 (Miss. 2012), in which this Court held that the statute of limitations is not tolled when a cause of action is dismissed without prejudice for lack of prosecution. But our holding in *Knight* was decided in the context of a new action filed after dismissal for lack of prosecution, and the *Knight* opinion explicitly noted that the rule might not result in barring a claim in certain equitable circumstances.[1] While a Rule 60(b) motion is subject to the limitations provided by the language of Rule 60 itself ("the motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment . . ."), the fact that the limitations period may have expired upon dismissal of a claim will not bar a motion for reinstatement under Rule 60(b).

¶7. In *Knight* we adopted the rule from and quoted extensively *King v. Jujan*:

A party who has slept on his rights should not be permitted to harass the opposing party with a pending action for an unreasonable time. Rule 41(e) specifically addresses this concern. Holding that a Rule 41(b) dismissal without prejudice tolls the statute for the time the case was pending could

---

[1] We stated that "this holding, however, does not mean that all cases dismissed without prejudice after the statute of limitations has expired cannot be refiled. Some will be revived by the savings statute, equitable tolling, or otherwise. Our narrow holding here is merely that dismissal without prejudice for want of prosecution does not toll the statute of limitations." *Id*. at 838.

conceivably extend the time for bringing the suit indefinitely; the plaintiff could continuously refile but never act to bring the case to its conclusion. Furthermore, the courts should not distinguish between a plaintiff who takes no action before the limitations period expires and a plaintiff who files a complaint before the period expires but who thereafter takes no action. . . .

*Knight*, 85 So. 3d at 837 (quoting *King v. Lujan*, 646 P.2d 1243,1245 (N.M. 1982)).

¶8.     Unlike in *Knight*, no new action was filed in this case. Rather, Richardson filed a motion to reinstate which we treat as a motion under Rule 60(b) since it was made more than ten days after the order dismissing the case.[2] A subsequent New Mexico case in *King*'s progeny addresses the Rule 60(b) context we have here. In *Meiboom v. Watson*, 994 P. 2d 1154 (N.M. 2000), the lower court granted a motion to reinstate after dismissal for failure to prosecute despite the district court's characterization of the motion as "the barest motion I've seen in ten years on the bench." *Id*. at 538. The New Mexico Court of Appeals found that, based on *King*, the lower court lacked jurisdiction to grant the reinstatement because the motion to reinstate was time-barred. *Id*. at 539. Although agreeing that the motion to reinstate should not have been granted, the New Mexico Supreme Court rejected the statute-of-limitations argument, saying that

If we were to agree with the district court's interpretation that *King* was in fact a Rule 1-060(B)(6) case, it would serve to obviate the underlying purposes of Rule 1-060(B)(6). **It would render nonexistent the ability of a court's equitable powers to grant relief from final judgement in Rule 1-060(B)(6) cases after the statute of limitations has run.** [3]

---

[2] Motions filed within ten days are treated under Rule 59.

[3] New Mexico's Rule 1-060(B) is comparable to Mississippi's Rule 60(b).

5

*Id*. at 540 (emphasis added.)

¶9.     The same principle applies here where we mark the procedural distinction between the filing of a new complaint and filing a motion to reinstate under Rule 60(b). Subject to the limitations imposed by Rule 60(b) itself, a motion to reinstate on Rule 60(b) grounds will be evaluated on the merits and is not automatically precluded by our holding in *Knight*.

**II.     Whether valid Rule 60(b) grounds for relief existed to justify granting the plaintiff's motion to reinstate.**

¶10.    Entergy argues that, because Richardson failed to argue or established any Rule 60(b) grounds for relief, the circuit court improperly granted the motion to reinstate. This Court has held that "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances, and that neither ignorance nor carelessness on the part of an attorney will provide grounds for relief." *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984). Rule 60(b) "is not an escape hatch for litigants who have procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies." *Doll v. BSL, Inc.*, 41 So. 3d 664, 669 (Miss. 2010); *Bruce v. Bruce*, 587 So. 2d 898, 904 (Miss. 1991). Rule 60(b)(6)'s "catch-all" provision does not grant trial judges blanket discretion to reinstate cases. This Court has held that "for a party to be granted relief under Rule 60(b)(6), he must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." *Regan v. South Cent. Reg'l Med. Ctr.*, 47 So. 3d 651, 655 (Miss 2010) (quoting *Cmty. Dental Servs. v. Tani*, 282 F. 3d

6

1164, 1168 (9th Cir. 2002)). "Rule 60(b) motions should be denied where they are merely an attempt to relitigate the case." **Stringfellow**, 451 So. 2d at 221.

¶11.    Richardson's motion to reinstate merely argued, in essence, that it would be inconvenient, expensive, and time-consuming to file a new complaint against Entergy and that Richardson "may very well be faced with a statute of limitations issue." The order granting the motion to reinstate in essence finds that all parties involved were "dilatory" and, therefore, the case should go forward. None of the above reasons argued or found constitute valid Rule 60(b) grounds for relief. There is no allegation of fraud or misconduct, accident or mistake, new evidence, or a void judgment.  We find, and the parties appear to agree in briefing, that Rule 60(b)(6) is the only possible enumerated ground for relief that could apply to Richardson's motion to reinstate. But no additional "extraordinary" reasons for granting relief are presented. And while the potential running of the statute of limitations on the underlying claim demonstrates prejudice to the moving party, that in itself is insufficient grounds for granting reinstatement.

¶12.    Richardson argues that, because the dismissal was for the purpose of docket control, and it did not come about as the result of a defense motion to dismiss, that the trial court was acting appropriately within its discretion in reinstating the case. To support her argument that "the court apparently determined, after balancing the competing policy consideration[s], that [Richardson] deserved her day in [c]ourt," Richardson depends on **Cucos, Inc., v. McDaniel**, 938 So. 2d 238 (Miss 2006). In **Cucos**, this Court held that "[i]t is well established in our jurisprudence that the right result reached for the wrong reason will not be disturbed on

7

appeal" where the movant incorrectly identified "the subsection for which relief was available and no identification of the appropriate prong of Rule 60(b) [was made] by the trial court." *Id*. at 240. But, while it is accurate that Rule 60(b) relief can be granted when Rule 60(b) grounds are presented but not accurately labeled, here, no Rule 60(b) grounds for relief were presented in the motion to reinstate or identified in the order granting the motion. The case was appropriately dismissed after six years of inactivity, multiple docket calls, the plaintiff's failure to appear after clear notice from the circuit court that the case would be dismissed absent activity moving the case forward, and no cognizable grounds for reinstatement were shown.

¶13.    Richardson also argues that Entergy has not been prejudiced by the six-year failure to prosecute. This is not a valid ground for relief from a final judgment of dismissal for failure to prosecute. "Actual prejudice is not a requirement for dismissal under Rule 41(b)." *Holder v. Orange Grove Med. Specialties, P.A.*, 54 So. 3d 192, 200 (Miss 2010). Further, "prejudice may be presumed from unreasonable delay." *Id.* (quoting *Cox v. Cox*, 976 So. 2d 869, 879 (Miss. 2008)).

**CONCLUSION**

¶14.    Even though Richardson's Rule 60(b) motion to reinstate was not barred by the statute of limitations, the trial court improperly granted the motion because no valid grounds for relief existed. The case was appropriately dismissed for failure to prosecute and no extraordinary circumstances were present to justify reinstatement. The judgment of the Hinds

County Circuit Court granting reinstatement is reversed and judgment is entered here, dismissing the case without prejudice.

¶15.   **REVERSED AND RENDERED**.

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, PIERCE, KING AND COLEMAN JJ., CONCUR.**