# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-IA-00959-SCT

*KAY THORNHILL, C.F.N.P.*

*v.*

*CHRISTOPHER W. INGRAM, INDIVIDUALLY,
AND AS REPRESENTATIVE OF THE
WRONGFUL DEATH BENEFICIARIES OF
JENNIFER LYNN INGRAM, DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/30/2014 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| TRIAL COURT ATTORNEYS: | DORRANCE AULTMAN |
| | S. BETH WINDHAM |
| | NORMAN W. PAULI, JR. |
| | JAMES A. COOK, JR. |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DORRANCE AULTMAN |
| | S. BETH WINDHAM |
| ATTORNEYS FOR APPELLEES: | NORMAN W. PAULI, JR. |
| | JAMES A. COOK, JR. |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND RENDERED - 10/01/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., PIERCE AND COLEMAN, JJ.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1. A wrongful-death beneficiary failed to prosecute this medical-malpractice case for four years, so, on the defendant's motion, the circuit judge dismissed the complaint. The plaintiff refiled, and the defendant twice moved to dismiss, arguing that the statute of limitations had lapsed. Both motions were denied, and we granted interlocutory appeal.

Because the statute of limitations is not tolled when cases are dismissed for lack of prosecution, the second complaint was untimely. Accordingly, we reverse and render.

## FACTS AND PROCEDURAL HISTORY

¶2. In 2002, Christopher Ingram sued Forrest County General Hospital, Dr. Edgar Grissom, and Kay Thornhill on behalf of Jennifer Ingram's wrongful-death beneficiaries.[1] Ingram claimed that their failure to accurately diagnosis Jennifer and provide her necessary medical treatment caused her 2001 death. But, eight years later, the defendants moved the circuit judge to dismiss Ingram's case for failure to prosecute. The circuit judge dismissed the case "without prejudice."

¶3. Ingram refiled December 29, 2010. Thornhill moved for summary judgment and claimed that the statute of limitations had run. She argued that, under this Court's decision in *Knight v. Knight*, the statute had not been tolled during the first proceeding.[2] The circuit judge denied the motion, finding that, while the *Knight* holding addressed dismissals on the clerk's motion under Mississippi Rule of Civil Procedure 41(d), it did not address dismissals on a party's motion under Rule 41(b).

¶4. A year and a half later, Thornhill moved to dismiss or, in the alternative, for summary judgment, reasserting her statute-of-limitations argument. The renewed motion directed the circuit judge to this Court's opinion in *Entergy Mississippi, Inc. v. Richardson*, which had

---

[1] All claims against Forrest County General Hospital and Dr. Edger Grissom have been dismissed with prejudice and only Thornhill remains as a defendant.

[2] *Knight v. Knight*, 85 So. 3d 832 (Miss. 2012).

handed down after the judge denied the first motion.[3] The circuit judge treated the motion as one for relief from a judgment under Mississippi Rule of Civil Procedure 60(b) and found no grounds for relief.

¶5.     Thornhill then petitioned this Court for interlocutory appeal, which we granted. She now argues that the circuit judge erred by treating the motion as one under Rule 60(b) and that the statute of limitations barred Ingram's second suit. We agree.

**ANALYSIS**

I.      **The circuit judge erred by treating Thornhill's second motion as a motion for relief from a judgment under Rule 60(b).**

¶6.     Thornhill styled her second dispositive motion as a "Motion to Dismiss or in the Alternative for Summary Judgment." The motion specifically requested relief under Mississippi Rule of Civil Procedure 12 or Mississippi Rule of Civil Procedure 56. The motion made no reference to Mississippi Rule of Civil Procedure 60, and the motion never requested relief from the circuit judge's prior order.

¶7.     But because he previously had denied a similar motion, the circuit judge treated the second motion as one for relief from a judgment under Mississippi Rule Civil Procedure 60(b). Thornhill now argues that this was error, and that the motion should have been treated as one to dismiss or for summary judgment. We agree.

¶8.     Rule 60(b) states that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a *final* judgment, order, or proceeding . . . ."[4]

_____

[3] ***Entergy Miss., Inc. v. Richardson***, 134 So. 3d 287 (Miss. 2014).

[4] Miss. R. Civ. P. 60(b) (emphasis added).

3

This Court has said that motions under Rule 60 "proceed on the assumption that the trial court has entered a valid and enforceable judgment which has become final."[5] That is, a Rule 60 motion seeks relief from a *final* judgment.[6]

¶9. In ***Holland v. Peoples Bank & Trust Company***, a circuit judge denied the defendant's motion for summary judgment.[7] After that judge recused and this Court appointed a special judge, the defendants asked the new judge to reconsider the order denying summary judgment.[8] The new judge then granted summary judgment.[9] The plaintiff appealed and argued that the second judge could not reconsider the motion for summary judgment because no ground for relief existed under Rule 60(b).[10]

¶10. We explained that "'[a]n order denying summary judgment is neither final nor binding upon the court or successor courts.'"[11] On that basis, we concluded that the plaintiff's "reliance on Mississippi Rule of Civil Procedure 60(b)(6) is misplaced in that the

---

[5] ***Bruce v. Bruce***, 587 So. 2d 898, 904 (Miss. 1991).

[6] Miss. R. Civ. P. 60(b) ("[T]he court may relieve a party or his legal representative from a *final* judgment, order, or proceeding . . . .") (emphasis added).

[7] ***Holland v. Peoples Bank & Trust Co.***, 3 So. 3d 94, 97 (Miss. 2008).

[8] ***Id.*** at 97–98.

[9] ***Id.*** at 98.

[10] ***Id.*** at 103–04.

[11] ***Id.*** at 104 (quoting ***Mauck v. Columbus Hotel Co.***, 741 So. 2d 259, 268 (Miss. 1999)).

rule applies only where the judgment or order is final. In accordance with *Mauck*, an order denying a motion for summary judgment is not a final judgment."[12]

¶11. So a circuit judge's decision to deny summary judgment cannot be reviewed through Rule 60(b) because the denial does not constitute a final judgment. Accordingly, we find that the circuit judge erred by treating Thornhill's second dispositive motion as one under Rule 60(b). And the only authority Ingram cites to the contrary is this Court's decision in *Richardson*, which dealt with a Rule 60(b) motion for relief from an order dismissing the plaintiff's case for failure to prosecute, not an order denying summary judgment.[13]

## II. The circuit judge erred by denying Thornhill's motion to dismiss, or for summary judgment.

¶12. Thornhill moved to dismiss Ingram's claims, arguing that the statute of limitations ran before Ingram filed his second complaint. The parties agree that Ingram's medical-malpractice claims are subject to the limitations period in Mississippi Code Section 15-1-36, which states:

> no claim in tort may be brought against a licensed physician, osteopath, dentist, hospital, institution for the aged or infirm, nurse, pharmacist, podiatrist, optometrist or chiropractor for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered, and, except as described in paragraphs (a) and (b) of this subsection, in no event more than seven (7) years after the alleged act, omission or neglect occurred . . . .[14]

---

[12] *Holland*, 3 So. 3d at 104.

[13] *Richardson*, 134 So. 3d at 289.

[14] Miss. Code Ann. § 15-1-36 (Rev. 2012).

5

The parties also agree that, unless the statute of limitations was tolled, it lapsed, because the second complaint was filed in 2010—nine years after the alleged negligent conduct occurred.

¶13. Thornhill argues that in *Knight*, we held that any time a case is dismissed for lack of prosecution, the statute of limitations is not tolled during the first proceeding. Ingram argues that *Knight*'s holding pertained only to dismissals for failure to prosecute on the clerk's motion under Mississippi Rule of Civil Procedure 41(d), and not those initiated by a party under Rule 41(b). We find that the exception to tolling articulated in *Knight* applies to all cases dismissed for lack of prosecution.

¶14. The "'[a]pplication of a statute of limitation is a question of law to which a de novo standard also applies.'"[15] The general rule in Mississippi is "'that, unless process is not timely served, the statute of limitations is tolled upon the filing of the complaint, and does not begin to run again until litigation has ended.'"[16] Before *Knight*, this rule applied even when a case was dismissed for failure to prosecute.[17]

¶15. In *Knight*, a circuit judge dismissed claims for assault and battery without prejudice after nearly ten years of inactivity.[18] The dismissal was initiated on motion of the circuit

---

[15] *Knight*, 85 So. 3d at 835 (quoting *Sarris v. Smith*, 782 So. 2d 721, 723 (Miss. 2001)).

[16] *Sweet Valley Missionary Baptist Church v. Alfa Ins. Corp.*, 124 So. 3d 643, 645 (Miss. 2013) (quoting *Hill v. Ramsey*, 3 So. 3d 120, 123 (Miss. 2009)).

[17] *Hill*, 3 So. 3d at 123.

[18] *Id.* at 833.

clerk.[19] The plaintiffs refiled their complaints, but the defendant moved to dismiss, arguing that the statute of limitations had lapsed.[20] The circuit judge agreed.[21]

¶16. The plaintiffs appealed, and this Court considered whether "a complaint should not toll the statute of limitations when a complaint is dismissed without prejudice for failure to prosecute."[22] We recognized then that, previously,

> [t]his Court and the Court of Appeals ha[d] . . . both recognized that filing a complaint tolls the statute of limitations and permits a plaintiff to refile his or her case if this case is dismissed without prejudice and time remains on the statute of limitations.[23]

¶17. But we then adopted a new rule, stating that

> when an action is dismissed without prejudice for failure to prosecute, the statute of limitations does not toll, and the parties are left in the same position as if they had never filed the action.[24]

¶18. We provided several reasons for our holding, including that "[a]llowing the statute to toll in such a situation presents an opportunity for abuse of process, potentially allowing cases to be dismissed and refiled for a period of years or even decades."[25]

---

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.* at 835.

[23] *Id.* at 836 (citing *Jackpot Mississippi Riverboat, Inc. v. Smith*, 874 So. 2d 959, 961 (Miss. 2004); *Marshall v. Burger King*, 2 So. 3d 702 (Miss. Ct. App. 2008)).

[24] *Knight*, 85 So. 3d at 837.

[25] *Id.*

¶19. We also made it clear that plaintiffs who fail to prosecute their cases have only themselves to blame, noting cases from other jurisdictions which adopted a similar rule for that reason, including the New Mexico Supreme Court, which said:

> *A party who has slept on his rights should not be permitted to harass the opposing party with a pending action for an unreasonable time. . . . the courts should not distinguish between a plaintiff who takes no action before the limitations period expires and a plaintiff who files a complaint before the period expires but who thereafter takes no action . . . .*[26]

¶20. In *Knight*, however, we did place some limitation on our holding, stating:

> This holding, however, does not mean that all cases dismissed without prejudice after the statute of limitations has expired cannot be refiled. Some will be revived by the savings statute, equitable tolling, or otherwise. Our narrow holding here is merely that dismissal without prejudice for want of prosecution does not toll the statute of limitations.[27]

Given the language used in *Knight*'s holding, the reasoning that led to its holding, and the authority *Knight* cited, Ingram asks this Court to draw an untenable distinction.

¶21. First, *Knight* twice stated its holding without any language limiting it to dismissals under Rule 41(d).

> [W]hen an action is dismissed without prejudice for failure to prosecute, the statute of limitations does not toll, and the parties are left in the same position as if they had never filed the action[28]. . . .

and

---

[26] *Id.* (quoting *King v. Lujan*, 98 N.M. 179, 646 P.2d 1243, 1245 (1982)) (emphasis added).

[27] *Knight*, 85 So. 3d at 838.

[28] *Knight*, 85 So. 3d at 837.

Our narrow holding here is merely that dismissal without prejudice for want of prosecution does not toll the statute of limitations.[29]

Both iterations tie the holding to dismissals for failure to prosecute generally, which can occur under both Rule 41(b) and Rule 41(d).

¶22.    Second, the reasoning that led us to adopt our holding in ***Knight*** applies equally, regardless of whether the clerk or a party moves to dismiss for failure to prosecute.  We explicitly adopted the reasoning of the New Mexico Supreme Court which stated that "[a] party who has slept on his rights should not be permitted to harass the opposing party with a pending action for an unreasonable time" and that "the courts should not distinguish between a plaintiff who takes no action before the limitations period expires and a plaintiff who files a complaint before the period expires but who thereafter takes no action."[30]

¶23.    Irrespective of who moves to dismiss, the rationale that one who files a complaint but takes no action should be treated exactly the same as one who never filed the complaint applies with equal force.  In both cases, the plaintiff has sat on his rights and his dilatory action should not be saved by the mere filing of a complaint without actual prosecution.

¶24.    Finally, to say the ***Knight*** holding pertained to dismissals on the clerk's motion alone ignores the authority ***Knight*** cited.  ***Knight*** extensively adopted reasoning from the New Mexico Supreme Court's decisions in ***King v. Lujan***, which dealt with a judge's sua sponte dismissal for failure to prosecute under New Mexico's Rule of Civil Procedure 41(b).[31]

---

[29] ***Id.*** at 838.

[30] ***Id.*** at 837 (quoting ***King***, 646 P.2d at 1245).

[31] ***King***, 646 P.2d at 1244.

¶25. Further, in ***Richardson***, a circuit judge, on the court's own motion, dismissed a tort action for the plaintiff's failure to prosecute.[32] The plaintiff moved to reinstate the case, arguing, among other things, that dismissal may implicate the statute of limitations.[33] The judge reinstated the case and the defendant appealed, arguing that no valid ground for relief existed under Rule 60(b) and that the Rule 60(b) motion was time-barred under ***Knight***.[34]

¶26. We first concluded that the motion was not time-barred because, unlike in ***Knight***, the Rule 60 motion did not constitute the filing of a new complaint.[35] But, in describing ***Knight***'s holding, we stated that "this Court held that the statute of limitations is not tolled when a cause of action is dismissed without prejudice for lack of prosecution."[36] Our characterization of ***Knight***'s holding contained no limitation based on who moved to dismiss, and we were not considering a dismissal on the clerk's motion.

¶27. We then considered whether grounds existed under Rule 60 to set aside the dismissal. With regard to the plaintiff's argument that the motion should be granted because, after dismissal, the statute of limitations may preclude it from filing a second complaint, this Court stated "while the potential running of the statute of limitations on the underlying claim demonstrates prejudice to the moving party, that in itself is insufficient grounds for granting

---

[32] ***Richardson***, 134 So. 3d at 289.

[33] *Id.*

[34] *Id.*

[35] *Id.* at 290.

[36] *Id.* (citing ***Knight***, 85 So. 3d at 838).

10

reinstatement."[37]  Our statement acknowledges that the statute of limitations may have precluded refiling under **Knight**'s holding, despite the fact that this case dealt with a sua sponte dismissal by the circuit judge, not one initiated by the clerk under Rule 41(d).

¶28.    So, under our language and reasoning in **Knight**, and our characterization of that holding in **Richardson**, we must conclude that a statute of limitations is not tolled during a proceeding that is dismissed ultimately for failure to prosecute, regardless of whether the dismissal is initiated by the clerk, the judge, or a party.  Said differently, while the general rule in this State remains that the timely filing of a complaint and service of process tolls the statute of limitations, we have carved out an exception to that rule for all cases dismissed for failure to prosecute.  And because the statute was not tolled in this case, the statute of limitations barred Ingram's second complaint, and the circuit judge erred by denying Thornhill's motion to dismiss.

¶29.    Ingram also argues, however, that this Court cannot adopt a rule that a case dismissed for lack of prosecution on a party's motion does not toll the statute of limitations, because to do so would deprive the plaintiff of property without due process of law.  But Ingram fails to cite any authority to support the view that failing to toll a statute of limitations can violate due process.  We consider arguments without citation to authority abandoned.[38]

¶30.    Further, this Court has adopted the view that "[t]o prevail on a claim for denial of procedural due process, the plaintiffs must show not only that they were deprived of a

_____

[37] **Entergy Miss., Inc.**, 134 So. 3d at 292.

[38] **Jones v. Howell**, 827 So. 2d 691, 702 (Miss. 2002) (citing **Thibodeaux v. State**, 652 So. 2d 153, 155 (Miss. 1995)).

protected property interest, but also that they were denied the process due them."[39] And "[t]he United States Supreme Court has explained that a state may erect reasonable procedural requirements for triggering the right to adjudication, such as statutes of limitations, and a state accords due process when it terminates a claim for failure to comply with a reasonable procedural rule."[40] Here, the first complaint was dismissed because the plaintiff failed to act in a reasonable time after filing the complaint, and due process does not preclude this Court from terminating the right to file a second complaint.

¶31. Ingram also argues that a rule that the statute is not tolled when a case is dismissed under Rule 41(b) would undermine the judge's authority under that rule to determine whether the dismissal should be one on the merits. The rule states "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any other dismissal not provided for in this rule . . . operates as an adjudication upon the merits."[41] But, once again, this reasoning does not distinguish this case from ***Knight*** because Rule 41(d), which was at issue in ***Knight***, states "the court shall dismiss each such case without prejudice."[42]

¶32. Said differently, Ingram is correct that in some cases, like this one, when a judge exercises discretion under Rule 41(b) to dismiss without prejudice, a second action will

---

[39] ***Smith v. Braden***, 765 So. 2d 546, 558 (Miss. 2000) (citing ***Logan v. Zimmerman Brush Co.***, 455 U.S. 422, 428, 102 S. Ct. 1148, 1154, 71 L. Ed. 2d 265 (1982)).

[40] ***Smith***, 765 So. 2d at 558 (citing ***Logan***, 455 U.S. at 437).

[41] Miss. R. Civ. P. 41(b).

[42] Miss. R. Civ. P. 41(d).

nevertheless be barred by the statute of limitations under the *Knight* rule. But *Knight* contemplated a similar scenario under Rule 41(d) where the dismissal was without prejudice by operation of the rule, but a subsequent suit still was barred.

¶33. Finally, Ingram argues that Thornhill should be estopped from arguing that the statute of limitations ran because she agreed that the first suit should be dismissed without prejudice during an in-chambers conference. But the record does not include a transcript or other information about the in-chambers conference. We take this opportunity again to warn the bench and bar that conversations that take place in the judge's chambers are not part of the record and should not be cited to this Court as evidence, unless those conversations are recorded by a court reporter.

¶34. Further, as discussed above, *Knight* assumed that the order of dismissal was without prejudice when it found that the statute of limitations barred a second suit. So, under *Knight*'s reasoning, whether a dismissal is "without prejudice" and whether the statute of limitations has run are distinct inquiries. Therefore, even if Thornhill had agreed to a dismissal without prejudice, that agreement—standing alone—did not amount to a concession that the statute of limitations had not run.

## CONCLUSION

¶35. In *Knight*, we held that the statute of limitations is not tolled when an action is dismissed for failure to prosecute. That holding was not limited to dismissals resulting from the clerk's motion. So the circuit judge erred by denying Thornhill's motion to dismiss and by treating the motion as one filed under Rule 60(b). Ingram's second complaint is time-

barred and should have been dismissed. We therefore reverse the judgment of the Circuit Court of Forrest County and render judgment for Thornhill, finally dismissing the complaint and this action with prejudice as barred by the applicable statute of limitations.

¶36.   **REVERSED AND RENDERED.**

**WALLER, C.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.  RANDOLPH, P.J., NOT PARTICIPATING.**