LEE, C.J., FOR THE COURT:
¶ 1. In this appeal, we must decide whether Samuel and Kathy Johnson's claims against Wythe Rhett were time-barred by the statute of limitations and, as a result, whether summary judgment in favor of Rhett was proper. Because we find the statute-of-limitations issue dispositive, we decline to address the Johnsons' other assignments of error. The case on appeal (Rhett II ) is based largely upon facts and procedural history that occurred in previous litigation between the parties (Rhett I ).
FACTS AND PROCEDURAL HISTORY
I. Rhett I
¶ 2. In November 2005, the Johnsons contracted with Rhett Construction LLC, Rhett's company, to serve as the general contractor over certain renovations and new construction to their home. The Johnsons moved into the home in November 2007. After taking possession of the home, the Johnsons were dissatisfied with the work performed by Rhett Construction, alleging it was defective, poor workmanship, damaged, and so on. The Johnsons made an informal complaint in 2008 with the Mississippi State Board of Contractors, and an official complaint was later filed in 2009.
¶ 3. On August 26, 2010, the Johnsons filed suit in the Lowndes County Circuit Court against Rhett, d/b/a Rhett Construction, for breach of contract, and sought damages for the alleged negligent performance of the construction contract. On November 4, 2010, Rhett answered the complaint, denying liability and asserting affirmative defenses and counterclaims. The counterclaims Rhett asserted included one on behalf of the LLC to recover amounts owed to Rhett Construction under the contract and several on behalf of Rhett individually for malicious prosecution, abuse of process, slander, and intentional and negligent infliction of emotional distress. Rhett brought these individual counterclaims based on his belief that he should not have been named as a defendant in his individual capacity and that a complaint should not have been filed with the board of contractors against him individually. On February 11, 2011, in response to Rhett's counterclaims, the Johnsons filed a document titled "Response to Counter-claim, Affirmative Defenses, and Counter-claim to Claim of Wythe Rhett." The document, which was filed without seeking leave to amend, states, "These Original Plaintiffs and Counter-Defendants would file this their Amended-Claim or Amended Complaint against Wythe *489 Rhett d/b/a Rhett Construction, LLC ...."
¶ 4. In February 2011, Rhett filed a motion to dismiss the claims against him in his individual capacity, and the trial court granted his motion on August 14, 2012, finding that Mississippi Code Annotated section 79-29-311 (Rev. 2013) shields members of LLCs from personal liability for claims against the LLC. Also on August 14, 2012, the trial court partially granted the Johnsons' motion for summary judgment, filed in January 2011, thereby dismissing Rhett's intentional-tort claims brought in his individual capacity against the Johnsons. This left the Johnsons' original claims, including breach of contract, and Rhett Construction's counterclaim for unpaid work performed under the construction contract.
¶ 5. On August 30, 2012, following the trial court's dismissal of Rhett in his individual capacity, the Johnsons filed a "First Amended Complaint." This amended complaint again named Rhett as a defendant in his individual capacity and again asserted claims of breach of contract, gross negligence, and added a claim for malicious prosecution. The Johnsons brought the malicious-prosecution claim in response to Rhett's intentional-tort counterclaims against them. The trial court struck the Johnsons' amended complaint on August 30, 2013, for failure to seek leave to amend. This prompted the Johnsons to file a new, separate action against Rhett (Rhett II ), the present action on appeal.
II. Rhett II
¶ 6. On September 12, 2013, the Johnsons filed a new suit in the Lowndes County Circuit Court against Rhett in his individual capacity, asserting claims of malicious prosecution, abuse of process, intentional infliction of emotional distress, and violation of the Mississippi Litigation Accountability Act. The parties agree that the act giving rise to this complaint was the filing of Rhett's counterclaim in Rhett I on November 4, 2010. Rhett moved for summary judgment, arguing that the Johnsons' claims were barred by the one-year statute of limitations for intentional torts. In response, the Johnsons argued that the statute of limitations was tolled by the filing of their counterclaim to Rhett's counterclaim on February 11, 2011. They also argued that the statute of limitations was again tolled by the filing of their first amended complaint on August 30, 2012. In ruling on Rhett's motion for summary judgment, the trial court found the following:
The Plaintiff is correct that ordinarily, when a complaint is filed, it tolls the statute of limitations on a claim. Therefore, by filing their counter[ ]claims on February 11, 2011, the statute of limitations was tolled until those claims were dismissed by Judge Kitchens on August 15, 2012. The real issue for this Court to decide is whether the filing of the Plaintiffs' amended complaint without first seeking leave to amend prevented the limitations period from running prior to that amended complaint being stricken. For the following reasons, the Court finds that it did not.
....
In Rhett I , the Plaintiffs were required to obtain leave from the Court prior to filing their amended complaint, and, since they did not obtain leave, their amended complaint was stricken.... In Curry , the Supreme Court of Mississippi held that a motion to amend with a copy of the amended complaint attached did not operate to toll the appropriate statute of limitations where the statute of limitations ran prior to the court ruling on said motion. Curry v. Turner , 832 So. 2d [508,] 514 [ (¶ 13) ] [ (Miss. 2002)
*490 (overruled on other grounds by Pioneer Cmty. Hosp. of Newton v. Roberts , 214 So.3d 259, 265 (¶ 24) (Miss. 2017)) ]. Frankly, it seems illogical to this Court that a Plaintiff could avoid this effect simply by skipping the necessary step of seeking leave to amend prior to filing their amended complaint. For this reason, the Court finds that the improperly filed and later stricken amended complaint filed by the Plaintiffs in Rhett I did not operate to toll the one (1) year statute of limitations on their claims .... Therefore, these claims were time-barred prior to the filing of this action, and summary judgment is appropriate.
¶ 7. Finding that the Johnsons' claims were time-barred by the statute of limitations, the trial court granted Rhett's motion for summary judgment. From this grant of summary judgment in Rhett II , the Johnsons now appeal.
STANDARD OF REVIEW
¶ 8. The application of the correct statute of limitations is a question of law, which we review de novo. Lyas v. Forrest Gen. Hosp. , 177 So.3d 412, 416 (¶ 18) (Miss. 2015). A statute-of-limitations defense is proper for summary judgment. Robertson v. Moody , 918 So.2d 787, 789 (¶ 12) (Miss. Ct. App. 2005) (citing Smith v. Sanders , 485 So.2d 1051, 1053 (Miss. 1986) ). We also review the grant or denial of summary judgment de novo. Mitchell v. Ridgewood E. Apartments LLC , 205 So.3d 1069, 1073 (¶ 13) (Miss. 2016). In viewing the evidence in the light most favorable to the nonmoving party, summary judgment is proper where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. (quoting M.R.C.P. 56(c) ).
DISCUSSION
¶ 9. The Johnsons argue that their counterclaims to Rhett's counterclaim and their first amended complaint in Rhett I tolled the statute of limitations for the claims they brought in Rhett II . We address the effect of each filing on the statute of limitations in turn.
I. The Johnsons' Counterclaim in Rhett I
¶ 10. In Rhett I , the Johnsons responded to Rhett's counterclaim by filing answers and submitted to the trial court that this filing constituted "their Amended-Claim or Amended Complaint against Wythe Rhett d/b/a Rhett Construction, LLC." The record shows that the Johnsons' "counterclaim" alleged that Rhett's counterclaim was "spurious [and] frivolous" and "caused vexatious, mental anguish and was filed with the sole purpose of causing willful infliction of emotional distress." The Johnsons argue that this filing asserted claims of individual liability against Rhett for intentional infliction of emotional distress and abuse of process, thus tolling the statute of limitations for those claims.
¶ 11. "The general rule in Mississippi is 'that, unless process is not timely served, the statute of limitations is tolled upon the filing of the complaint, and does not begin to run again until litigation has ended.' " Thornhill v. Ingram , 178 So.3d 721, 724 (¶ 14) (Miss. 2015) (quoting Sweet Valley Missionary Baptist Church v. Alfa Ins. , 124 So.3d 643, 645 (¶ 8) (Miss. 2013) ). The circuit court dismissed Rhett in his individual capacity from Rhett I on August 14, 2012, and dismissed the Johnsons' counterclaims on August 15, 2012. Thus, with respect to the Johnsons' claims of *491 intentional infliction of emotional distress and abuse of process against Rhett, the litigation ended August 15, 2012, and the statute of limitations on these claims began to run again. See Thornhill at (¶ 14).
¶ 12. The statute of limitations for intentional infliction of emotional distress and abuse of process is one year under Mississippi Code Annotated section 15-1-35 (Rev. 2012). Trustmark Nat'l Bank v. Meador , 81 So.3d 1112, 1118 (¶ 16) (Miss. 2012) ; City of Mound Bayou v. Johnson , 562 So.2d 1212, 1218 (Miss. 1990). It is undisputed that the event giving rise to these claims occurred on November 4, 2010, when Rhett asserted his counterclaims in Rhett I . The Johnsons then filed their counterclaims approximately three months later on February 11, 2011. Accordingly, when these claims were dismissed on August 15, 2012, and the statute of limitations began to run again, there were approximately nine months left under the statute of limitations. The Johnsons asserted these two claims again in Rhett II by filing a new complaint on September 12, 2013-nearly thirteen months later. Thus, by this time, the one-year statute of limitations had run, and the Johnsons' claims in Rhett II were time-barred. Because there is no genuine issue of material fact regarding the expiration of the one-year statute of limitations for these claims, summary judgment was proper. This issue is without merit.
II. The Johnsons' Amended Complaint in Rhett I
¶ 13. The Johnsons also argue that their first amended complaint in Rhett I tolled the one-year statute of limitations for the malicious-prosecution claim brought in Rhett II . The amended complaint, filed on August 30, 2012, asserted claims again Rhett Construction and Rhett individually for breach of contract, gross negligence, and malicious prosecution.
¶ 14. Again, it is true that "[o]rdinarily, when a complaint is filed and properly served, that complaint tolls the running of the statute of limitations." Lincoln Elec. Co. v. McLemore , 54 So.3d 833, 839 (¶ 29) (Miss. 2010) (quoting Price v. Clark , 21 So.3d 509, 521 (¶ 27) (Miss. 2009) ). However, amended complaints, as is the case here, are specially governed by Mississippi Rule of Civil Procedure 15(a). " Rule 15(a) instructs a party to seek leave of the court or permission from the opposing party when seeking to amend the pleadings if a responsive pleading has been filed." D.P. Holmes Trucking LLC v. Butler , 94 So.3d 248, 255 (¶ 20) (Miss. 2012). "If a party fails to seek leave of the court or permission of the opposing party prior to amending the pleadings, such amendment is improper and will be struck." Id.
¶ 15. Here, the Johnsons failed to seek leave to amend the complaint as required and, in accordance with Mississippi law, the amendment was improper and thus stricken. Nevertheless, the Johnsons repeatedly argue in their brief that, "[i]n Mississippi, a dismissal of a complaint always tolls the running of a statute of limitations unless it is voluntarily dismissed by the Plaintiff." This is a gross misstatement of our caselaw.
¶ 16. The Johnsons cite Price v. Clark , 21 So.3d 509 (Miss. 2009), and Koestler v. Mississippi Baptist Health Systems Inc. , 45 So.3d 280 (Miss 2010), for their proposition. However, the Mississippi Supreme Court in Price held that a complaint that was properly filed and served-albeit lacking proper presuit notice under the Mississippi Tort Claims Act-still tolled the statute of limitations until the suit's dismissal. Price , 21 So.3d at 522 (¶ 30). The Price court further held that the proper remedy for failure to provide presuit notice was *492 dismissal without prejudice. Id. at 528 (¶ 53). In Koestler , our supreme court held, "The filing of a complaint does not toll the statute of limitations when the plaintiff voluntarily dismisses the suit." Koestler , 45 So.3d at 283 (¶ 13). These holdings certainly do not-as the Johnsons contend-stand for the conclusion that "a dismissal of a complaint always tolls the running of the statute of limitations unless it is voluntarily dismissed by the plaintiff." Moreover, the instant case does not involve a properly filed complaint that was dismissed but, rather, an improperly filed amended complaint that was struck for failure to seek leave to amend as required.
¶ 17. The Johnsons state that they did file a "motion to grant leave to file first amended complaint" on or about December 14, 2011, which was outstanding in Rhett I when summary judgment was granted to Rhett in Rhett II. However, the trial court in Rhett II stated that the amended complaint in Rhett I was dismissed for failure to seek leave to amend. And this alleged filing from Rhett I is not included in the record before this Court. Even so, our law is clear that "the filing of a motion to amend does not toll the statute of limitations until the trial court rules on the motion." Wilner v. White , 929 So.2d 315, 319 (¶ 4) (Miss. 2006) (citation omitted). When a motion to amend has not been ruled on, it is "clear that the amended complaint [is nothing] more than an attachment to the motion ...." Id. at (¶ 5). And where that motion is denied, "the practical effect [is that] no amended complaint [is] filed." Id. It follows that in this case, because the amended complaint was improper and struck by the trial court, the practical effect was that no amended complaint was ever filed. Therefore, the amended complaint had no legal effect. Without legal effect, the amended complaint did not toll the statute of limitations.
¶ 18. It is well settled that the one-year statute of limitations governing intentional torts applies to malicious-prosecution claims. Joiner Ins. Agency v. Principal Cas. Ins. , 684 So.2d 1242, 1244 (Miss. 1996). The cause of action for a malicious-prosecution claim accrues and the statute of limitations begins to run when there is a termination of the proceedings in the plaintiff's favor. Id. Here, the parties agree that the cause of action for the Johnsons' malicious-prosecution claim accrued on August 14, 2012-when Rhett's claims against the Johnsons were dismissed by the trial court in Rhett I . As discussed, the stricken amended complaint in Rhett I did not toll the statute of limitations. Accordingly, the one-year statute of limitations for the malicious-prosecution claim expired on August 14, 2013. Therefore, when the Johnsons asserted the claim in Rhett II on September 12, 2013, the statute of limitations had already run. Thus, summary judgment was proper, as the malicious-prosecution claim was procedurally barred. This issue is also without merit.
III. Mississippi Litigation Accountability Act
¶ 19. The Johnsons also claim that the trial court in Rhett II erred in granting Rhett summary judgment on the Johnsons' claim for Rhett's alleged violation of the Mississippi Litigation Accountability Act in Rhett I . They urge "this Court [to] find there is a separate course of action under the Mississippi Litigation Accountability Act." However, our law is clear, "The Litigation Accountability Act does not create a separate, independent cause of action." Rose v. Tullos , 994 So.2d 734, 740 (¶ 28) (Miss. 2008). This issue is without merit.
¶ 20. AFFIRMED.
IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.